In the Matter of the Claim of IDA S. RENZO against REID ICE CREAM CORPORATION et al., Respondents. STATE INDUSTRIAL BOARD, Appellant.

Argued October 6, 1938; decided November 29, 1938.

*John J. Bennett, Jr., Attorney-General (Roy Wiedersum* of counsel), for appellant. The decision and award of the Industrial Board were proper and valid. (*Matter of Cooley* v. *American La France Fire Engine Co.,* 185 App. Div. 918; *Post* v. *Wood Coal Co.,* 192 App. Div. 937; *Crockett* v. *International Ry. Co.,* 176 App. Div. 45; *Mutimer* v. *General Electric Co.,* 207 App. Div. 1.)

*George J. Stacy, James J. Mahoney* and *William S. Sinclair* for respondents. There is no presumption of statutory error. The statute (Workmen's Compensation Law [Cons. Laws, ch. 67], § 16, subd. 2) is clear and does not require interpretation. (*Ashbrook* v. *Bailey,* 116 Va. 10; *State* v. *Morgan,* 131 Wash. 143; *Johnson* v. *Hudson River R. R. Co.,* 49 N. Y. 455; *Terminello* v. *Bleecker,* 155 Misc. Rep. 702; *Coster* v. *Mayor,* 43 N. Y. 399; *Schoonmaker* v. *Hoyt,* 148 N. Y. 425; *Matter of Foster* v. *American Radiator Co.,* 249 App. Div. 460.)

FINCH, J. The husband of the claimant died July 21, 1927, as a result of accidental injuries arising out of and in the course of his employment. The Industrial Board made proper awards to his widow and dependent children pursuant to the provisions of the Workmen's Compensation Law (Cons. Laws, ch. 67). In July, 1931, the widow innocently went through the formalities of a ceremonial marriage with a man whose wife was living. Thereupon the payment of the award to the widow was commuted by a lump sum equal to the total of the benefit payments for two years, pursuant to the provisions of the Workmen's Compensation Law (§ 16, subd. 2) in the event of remarriage. The widow lived and cohabited with the purported second "husband" until his death December 1, 1934. At that time she learned that he had a wife living and was undivorced. The widow then sought reinstatement of the award from the time of the cessation of payments, on the ground that the marriage was void *ab initio*. The Industrial Board reinstated these payments as if there had been no attempted second marriage, allowing, however, due credit for the lump sum payment already received. Upon appeal, the Appellate Division reversed and modified to the extent of reinstating the payments only from the time of the death of the second "husband," allowing also credit from that time for the lump sum remarriage award.

We have, therefore, the question presented as to the date when payments should be reinstated after a claimant has innocently gone through a marriage ceremony and received the lump sum remarriage award pursuant to the statute, it appearing that the purported marriage was wholly void.

The language of the statute provides for commutation only if there has been remarriage. Since the marriage was void, the widow is entitled to payment of the benefits without cessation, allowing, of course, credit for the payments advanced because of the lump sum award upon

remarriage. The widow has done nothing to prevent her from taking advantage of the fact that the second marriage was void, and, therefore, she is entitled to a reinstatement of the benefit payments from the time of their cessation, due credit being allowed thereon for all payments on account of the remarriage award.

This result is not affected by reason of the support which the widow received from the man whom she believed to be her second husband. Dependency or affluence is not an element entering into the rights of a widow entitled to awards for the death of her husband in accordance with the Workmen's Compensation Law. Likewise, support from other sources, or the lack of necessity for support or maintenance, is not a factor. Survivorship without regard to dependency is alone the criterion which entitles a widow to an award. A reading of the statute shows that dependency as a factor in receiving an award is limited only to a husband, and not to a widow.

The Appellate Division, in holding that the payments should only begin from the date of the termination of the purported second marriage, likened it to the case of an annulment *ab initio* of a voidable marriage, reciting *Sleicher* v. *Sleicher* (251 N. Y. 366). In that case, however, the payment was of alimony, which rests on a different basis than a claim under the Workmen's Compensation Law. Consequently it is not an authority in the case at bar.

The order of the Appellate Division should be reversed, and the award of the State Industrial Board reinstated, with costs in this court and in the Appellate Division.

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur; LEHMAN, J. dissents.

Ordered accordingly.