■ In the Matter of the Claim of JUSTIN SCHULTZ, Respondent, v B.A.S.F. WYANDOTTE CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed October 23, 1981, which affirmed a corrected workers' compensation law judge's decision, filed November 21, 1980, holding the carrier liable for the payment of a $100 fee to claimant's attorney. Claimant admittedly sustained a 7½% loss of the use of his left leg as a result of a compensable accident while he was working for the employer herein. At a final hearing on the claim held on October 30, 1980 and attended by claimant, his attorney, Mary Elizabeth Toomey, and a representative of the employer and the carrier, Anthony DeBernardis, the workers' compensation law judge expressly awarded claimant's attorney a $100 fee which constituted a lien on claimant's award and was to be paid by the carrier. When this award to claimant was reduced to writing in a notice of decision dated November 7, 1980, however, the award of the $100 attorney's fee was, through mistake and inadvertence, omitted from the notice and the space provided therefor was left blank. Upon its subsequent receipt of the subject notice on November 10 or 11, 1980, the carrier promptly paid claimant the total amount of the claim without any payment of the $100 fee as directed by the workers' compensation law judge and executed a notice on November 11, 1980 that such payment had been made. The following day claimant's attorney, noting the obvious oversight in the November 7 notice of decision, wrote the board and requested the correction of the obvious error. In response, a corrected notice of decision dated November 21, 1980 was issued wherein it was specifically indicated that $100 of claimant's award was to be paid by the carrier to claimant's attorney, and when the carrier later objected to the corrected award, a hearing was held on the matter after which the board affirmed the corrected award and ruled that the carrier was responsible for the payment of claimant's attorney even though it had already paid the entire amount of the award to claimant. The instant appeal ensued, and we hold that the challenged decision should be affirmed. Upon the present record it cannot reasonably be disputed that, in the presence of the carrier's representative at

the October 30, 1980 hearing, the workers' compensation law judge specifically directed the carrier to pay the $100 attorney's fee to claimant's attorney and that the fee constituted a lien on the compensation award. Further, at the subsequent hearing before the board on the corrected notice of decision, the representative of the carrier candidly admitted that "I assume the [carrier's] representative at the hearing did know the attorney's fee was due". Given these circumstances, the board properly corrected the obvious clerical error as to the attorney's fee in the November 7, 1980 notice of decision by issuing the corrected notice of November 21, 1980 (see Workers' Compensation Law, § 123), and the carrier cannot escape its responsibility for payment of the fee by its prompt payment of the entire award to claimant at a time when it was clearly chargeable with knowledge of its responsibility to pay the $100 to claimant's attorney (cf. *Matter of Height v Hicksville Firestone Dealer Store*, 35 NY2d 692). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.