◼ In the Matter of the Claim of GLADYS HAMPTON, Appellant, v NEPTUNE METER COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [638 NYS2d 175] —Casey, J. Appeal from a decision of the Workers' Compensation Board, filed January 31, 1994, which ruled that claimant's application for reinstatement of benefits was untimely.

In 1946 claimant married Merchant Hampton, who died in 1967 in the course of his employment. Claimant was awarded death benefits pursuant to the provisions of the Workers'

Compensation Law. In 1976 claimant went through a marriage ceremony with Edward Brockington. Pursuant to Workers' Compensation Law § 16, claimant received two years of compensation benefits in one lump sum upon her marriage to Brockington, and her weekly death benefits ceased. After Brockington's death in 1987, claimant applied for various benefits as his widow and, as a result, discovered that Brockington had already been married to at least one other woman still living at the time of claimant's purported marriage in 1976. In a letter dated May 23, 1988, claimant requested that the Workers' Compensation Board reinstate her previous death benefits based upon her void second marriage. Claimant was advised to obtain an annulment of her marriage to Brockington, after which the Board reopened the case and directed a hearing to address the issue of reinstatement of death benefits. Ultimately, the Board ruled that the claim was time barred pursuant to Workers' Compensation Law § 123. This appeal by claimant followed.

Claimant relies on *Renzo v Reid Ice Cream Corp.* (279 NY 83), where the Court of Appeals ruled that since the claimant's purported second marriage was void *ab initio*, the claimant was entitled to reinstatement of the benefit payments from the time of their cessation with due credit accorded for amounts expended for the lump sum. The Board herein, however, found it significant that, in contrast to the *Renzo* case, claimant's request to open her case occurred more than 18 years after Hampton's death and more than eight years from the date that claimant last received a payment of benefits (*see*, Workers' Compensation Law § 123).

Although the Board normally has considerable discretion to exercise its continuing jurisdiction over workers' compensation claims, the discretion does not generally extend to requests made after the statutory deadlines (*see*, *Matter of Arnold v New York State Dept. of Mental Hygiene*, 176 AD2d 1165, 1166, *lv denied* 79 NY2d 753; *see also*, *Matter of Arnold v New York State Dept. of Mental Hygiene*, 193 AD2d 853, 854, *lv dismissed* 82 NY2d 749). The statute clearly contemplates an eventual limit on the liability potentially accruing to, among others, employers and carriers, regardless of the merits of the underlying application to reopen (*see*, Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 123, at 312). We also reject claimant's argument that the time bar should not apply because of, *inter alia*, mistake. Unlike the situation in *Matter of Stimburis v Leviton Mfg. Co.* (5 NY2d 360), here there was no unsuccessful

application to reopen the matter within the time limitation period provided in Workers' Compensation Law § 123.

Claimant's remaining arguments have been examined and found to be unpersuasive.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.