■ In the Matter of the Claim of ESTATE OF BEVERLY LUTZ, Appellant, v LAKESIDE BEIKIRK NURSING HOME et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [753 NYS2d 190] —Spain, J. Appeals (1) from a decision of the

Workers' Compensation Board, filed January 26, 2001, which ruled that a waiver agreement between decedent and her employer and workers' compensation carrier had been previously disapproved, and (2) from a decision of said Board, filed March 19, 2002, which denied claimant's request for reconsideration or full Board review.

Pursuant to Workers' Compensation Law § 32, Beverly Lutz (hereinafter decedent), her employer's workers' compensation carrier and the Special Funds Conservation Committee (hereinafter Special Funds) executed a proposed settlement agreement whereby decedent agreed to waive all future rights to workers' compensation benefits in connection with a back injury allegedly sustained in the course of her employment in November 1995 in exchange for $25,009.40. The signed agreement was filed with the Workers' Compensation Board on September 1, 1999. The Board scheduled a hearing to consider approving the agreement for October 27, 1999. When decedent died on October 10, 1999 as a result of a heart condition unrelated to the aforementioned 1995 injury, the hearing was postponed.

The hearing ultimately was held on December 22, 1999 before Commissioner Ferdinand Tremiti. Tremiti refused claimant's request to honor the settlement agreement and adjourned the matter for further proceedings. At the hearing, both the carrier and Special Funds indicated on the record that they were withdrawing their consent to the agreement. Tremiti then signed and dated the settlement agreement. At the bottom of the agreement, the following was written, "10/27/99 TJ Adj. At the request of Clmt. atty. [Lutz] is deceased. To regular cal. for further consideration."

The Board nevertheless issued a notice of approval dated January 11, 2000 stating that the settlement agreement was approved. The carrier and Special Funds objected, asserting that the notice of approval was issued in error and requesting that the Board issue a corrected notice of decision. Following some initial reluctance by the Board to reopen the matter, a hearing was held on February 25, 2000. Finally, on January 26, 2001, based on the notations made on the agreement and Tremiti's unequivocal statements on the record at the hearing, a three-judge Board panel rendered a decision determining that the agreement had never been approved and corrected the January 11, 2000 notice of approval to reflect that the agreement was not approved. Claimant's subsequent application for full Board review was denied. Claimant appeals from the Board's January 26, 2001 decision and from the March 19, 2002 determination denying its request for full Board review.

As a threshold matter, we must address claimant's objection to the Board's power to review the agreement following the January 11, 2000 notice of approval. The statutory prohibition in this regard is clear—"[a] decision duly filed and served approving an agreement submitted to the board shall not be subject to review pursuant to section twenty-three of this article" (Workers' Compensation Law § 32 [c]). Thus, the Board may not review a section 32 settlement agreement once it has been approved (*see Matter of Drummond v The Desmond*, 295 AD2d 711, 713, *lv denied* 98 NY2d 615). Here, however, the record fully supports the Board's conclusion that the settlement agreement was never approved and the notice of approval stating otherwise clearly was issued in error. In our view, correction of this apparent mistake lies within the Board's continuing jurisdiction to correct mistakes in the interest of justice (*see* Workers' Compensation Law § 123; *Matter of Stimburis v Leviton Mfg. Co.*, 5 NY2d 360, 367; *Matter of Hampton v Neptune Meter Co.*, 223 AD2d 756, 757-758; *see also Matter of Schultz v B.A.S.F. Wyandotte Corp.*, 91 AD2d 803, 804).

Turning to the merits of the Board's decision to disapprove the agreement, we perceive no error. As independent grounds for disapproval, the Board gave the following reasons: (1) decedent's death prior to the agreement's approval foreclosed approval as a matter of law; (2) the carrier and Special Funds timely withdrew their consent to the agreement at the hearing; and (3) the agreement was unfair in light of the fact that an underlying assumption made by the parties to the agreement— that were decedent to receive benefits she would do so for an indefinite period of time—was clearly inapplicable at the time the agreement was considered for approval. Because we hold that the Board appropriately disapproved the agreement in light of the objections of the carrier and Special Funds, we do not reach the question of whether the settlement agreement otherwise would have remained enforceable following decedent's death.

A section 32 settlement agreement will not be approved if, "within ten days of submitting the agreement one of the interested parties requests that the board disapprove the agreement" (Workers' Compensation Law § 32 [b] [3]; *see* 12 NYCRR 300.36 [d] [3]). "For the purposes of section 32 of the Workers' Compensation Law and this section, an agreement shall be deemed submitted when it is received by the board at the time a hearing is conducted to question the parties about the agreement" (12 NYCRR 300.36 [b]). Applying this regulatory directive, the settlement agreement at issue here was

submitted when accepted for consideration at the December 22, 1999 hearing.

Despite the clear language of this regulation, claimant contends that submission of the agreement occurred on September 1, 1999, the date the Board filed the proposed agreement. "It is well-settled that a State regulation should be upheld if it has a rational basis and is not unreasonable, arbitrary, capricious or contrary to the statute under which it was promulgated" (*Kuppersmith v Dowling*, 93 NY2d 90, 96 [citations omitted]; *see Matter of State Farm Mut. Auto. Ins. Co. v Levin*, 263 AD2d 233, 237, *lv denied* 95 NY2d 754). Further, " 'deference is accorded to an agency's judgment where its interpretation "involves knowledge and understanding of underlying operational practices * * *" ' " (*Matter of State Farm Mut. Auto. Ins. Co. v Levin, supra* at 237, quoting *Matter of Lippman v Public Empl. Relations Bd.*, 263 AD2d 891, 892, quoting *Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459). We find that claimant has not met its burden of demonstrating that the regulation defining when the Board will deem an agreement "submitted" is unreasonable, irrational or arbitrary. To the contrary, we find it entirely logical to construe the statute in a manner which allows parties time to withdraw their consent to an agreement following a hearing on the issue. To commence the 10-day opt-out period at the time of filing would inevitably foreclose a worker from withdrawing from an agreement well before the hearing where he or she might obtain a clearer understanding of the agreement's ramifications.

As no dispute exists that, at the December 22, 1999 hearing, both the carrier and Special Funds expressly withdrew their consent to the agreement,* we hold that the Board was fully justified in declining—by a unanimous panel decision—to approve the agreement. Nor do we find any abuse of discretion in the Board's subsequent decision to deny full Board review of the matter (*see Matter of Bal v Sidewalk of N.Y. Prods.*, 270 AD2d 658, 659). Claimant's remaining contentions have been considered and found to be unpersuasive.

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the decisions are affirmed, with one bill of costs.

---

* Claimant does not dispute that the other parties effectively withdrew their consent to the agreement at the December 22, 1999 hearing. In any event, as this withdrawal was placed on the record of the hearing, we deem it sufficient to satisfy the regulatory requirement that the withdrawal of consent be in writing (*see* 12 NYCRR 300.36 [d] [3]; *see Matter of Salley v Hempstead School Dist.*, 121 AD2d 547, 548; *cf. People v Page*, 88 NY2d 1, 5-6).