■ CB RICHARD ELLIS, BUFFALO, NY, LLC, Respondent, v JLC HOLDINGS, LLC, Appellant. [761 NYS2d 899] —Appeal from an order of Supreme Court, Erie County (Glownia, J.), entered March 8, 2002, which denied the motion of defendant to vacate the default judgment entered against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court did not abuse its discretion in denying the motion of defendant to vacate the default judgment entered against it. Defendant contends that its default was excusable because it reasonably relied on Executive Orders issued by Governor George E. Pataki in failing to answer the complaint. Those Orders, issued in the aftermath of the September 11, 2001 terrorist attacks, declared a disaster emergency in the State of New York and implemented various forms

of relief (*see* Executive Order [Pataki] No. 113 *et seq.* [9 NYCRR 5.113 *et seq.*). The Executive Orders allegedly relied upon by defendant, however, are plainly inapplicable. Executive Order (Pataki) No. 113.7 (9 NYCRR 5.113.7) suspended, inter alia, certain laws "establishing limitations of time for the filing or service of any legal action, notice or other process," but the suspension applied only to those statutes that a court could not extend in the exercise of its discretion. Executive Order (Pataki) No. 113.28 (9 NYCRR 5.113.28), as relevant here, merely extended the suspension afforded by Executive Order No. 113.7. Because the time to file an answer may be extended in the exercise of a court's discretion (*see* CPLR 3012 [d]), neither Executive Order provides defendant with a reasonable excuse for failing to timely serve an answer.

Defendant further contends that it was not aware that it had to answer the complaint because the summons and complaint were not personally served. However, service was properly effected pursuant to Limited Liability Company Law § 303, and the summons stated that defendant had 30 days in which to answer the complaint or a judgment would be taken against it. In addition, any claim of surprise or mistake is belied by the fact that defendant had been involved in pre-litigation discussions with plaintiff's counsel wherein counsel informed defendant that, if the matter was not settled, an action would be commenced. Consequently, defendant did not establish a reasonable excuse for the delay (*see Johnson v McFadden Ford*, 278 AD2d 907 [2000]). Moreover, defendant's proposed answer contained mere conclusory denials and defendant failed to demonstrate a meritorious defense (*see Matter of Jefferson County*, 295 AD2d 934 [2002]). Present—Pine, J.P., Hurlbutt, Gorski, Lawton and Hayes, JJ.