■ In the Matter of the Claim of FRANK MULTARI, Appellant, v KEENAN OIL COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [763 NYS2d 179] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed July 25, 2001, which ruled, inter alia, that a waiver agreement encompassed claimant's major depression condition.

Pursuant to Workers' Compensation Law § 32, claimant, his employer's workers' compensation carrier and the Special Funds Conservation Committee executed a proposed settlement agreement whereby claimant, in exchange for $93,000, agreed to close two established compensation cases arising from work-related accidents in 1972 and 1994. Following a hearing before the Commissioner of the Workers' Compensation Board, during which claimant expressed his unqualified desire to settle both cases, the Commissioner approved the agreement and closed both matters. Shortly thereafter, claimant sought further litigation of the 1994 case, asserting that the section 32 agreement failed to include compensation for a major depression with psychotic features condition, which had been established in 1996 in conjunction with his 1994 accident. By decision filed July 25, 2001, the Board, after concluding that it possessed jurisdiction to entertain the appeal, rejected claimant's contention that the settlement agreement excluded the major depression condition. Claimant now appeals, again asserting that the settlement agreement failed to address his major depression condition arising out of the 1994 accident.

As a preliminary matter, we must determine whether the

Board correctly concluded that it was empowered to review claimant's appeal. "The statutory prohibition in this regard is clear—'[a] decision duly filed and served approving an agreement submitted to the board shall not be subject to review pursuant to section twenty-three of this article' " (*Matter of Estate of Lutz v Lakeside Beikirk Nursing Home*, 301 AD2d 688, 690 [2003], *lv dismissed* 99 NY2d 651 [2003], quoting Workers' Compensation Law § 32 [c]). "Thus, the Board may not review a section 32 settlement agreement once it has been approved" (*Matter of Estate of Lutz v Lakeside Beikirk Nursing Home, supra* at 690 [citation omitted]; *see Matter of Drummond v The Desmond*, 295 AD2d 711, 713 [2002], *lv denied* 98 NY2d 615 [2002]). Here, however, we agree with the Board's conclusion that it may consider the threshold issue of whether a particular compensable condition was included or excluded from a section 32 agreement. In our view, such authority is necessary to ascertain whether the claim is subject to further review and, thus, lies in the Board's continuing jurisdiction over ongoing claims (*see* Workers' Compensation Law § 123).

As to the merits, we find that the Board correctly rejected claimant's argument that the major depression condition was not included in the settlement agreement. The agreement itself unequivocally stated that, upon approval, "claimant cannot reopen either case for any purpose whatsoever and these cases are to be closed forever." The agreement also provided that claimant's weekly benefit of $325, which included compensation for his major depression condition, would be permanently discontinued. The transcript of the approval hearing before the Commissioner further demonstrates that claimant categorically expressed his desire to settle both cases and acknowledged that the settlement agreement precluded any further litigation of either case. Under these circumstances, we find ample support for the Board's finding that the claim for a major depression condition arising out of the 1994 accident was subsumed in the section 32 agreement.

We have considered claimant's remaining contentions and find them either unpreserved or without merit.

Cardona, P.J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.