██ In the Matter of the Claim of JOHN A. JOHNSON, Respondent, v SHELMAR CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [768 NYS2d 407]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed July 1, 2002, which assessed a penalty for late payment of workers' compensation benefits.

Claimant suffered work-related injuries in 1993. The parties negotiated a settlement pursuant to Workers' Compensation Law § 32 and a notice of approval was filed September 12, 2001. The resulting settlement funds were mailed to claimant on September 24, 2001. Claimant thereafter requested the imposition of a 20% penalty on the ground that the payment was made more than 10 days after the filing of the notice of approval in violation of Workers' Compensation Law § 25 (3) (f) and 12 NYCRR 300.36 (g). An administrative hearing ensued, which resulted in a decision assessing a late penalty of $5,742. The determination was affirmed by the Workers' Compensation Board.

We now reverse. Pursuant to General Construction Law § 25-a (1), when the time period within which an act is required to be done ends on a Saturday, the deadline is extended to "the next succeeding business day." In this case, the 10-day period within which the workers' compensation carrier had to make the payment to claimant ended on September 22, 2001, which was a Saturday. Thus, the deadline was extended to Monday, September 24, 2001, and the payment made on that day was in fact timely.*

Finally, even if the payment had been untimely, it is undisputed that the carrier's main office, from which checks are normally issued, was closed due to the September 11, 2001 attacks on the World Trade Center. All main office operations, including check issuance, were temporarily shifted to the car-

* We reject the argument that the carrier's failure to raise this issue prior to this appeal renders the issue unpreserved. While it is true that new factual questions may not be raised on appeal, here the carrier does not allege any new facts, but rather raises a legal argument which could not have been avoided had it been raised before the Board (see Block v Magee, 146 AD2d 730, 732-733 [1989]).

rier's office in the City of Albany. Given the gravity of the circumstances presented by these attacks and the relatively short delay, the Board could have exercised its discretion to "suspend or modify the application of any of [its] rules" (12 NYCRR 300.30; *see Matter of Anderson v Central N.Y. DDSO*, 2 AD3d 1011 [2003] [decided herewith]), including the 10-day requirement for issuing a settlement check.

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.