■ In the Matter of the Claim of PINKIE ANDERSON, Respondent, v CENTRAL NEW YORK DEVELOPMENTAL DISABILITIES SERVICE OFFICE et al., Appellants. WORKERS' COMPENSTATION BOARD, Respondent. [769 NYS2d 623]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed July 1, 2002, which assessed a penalty for late payment of a workers' compensation benefit.

The issue on appeal is whether a 20% penalty pursuant to Workers' Compensation Law § 25 (3) (f) must be assessed against a workers' compensation carrier when, because of the effect on its business operations of the terrorist attacks of September 11, 2001, its payment under a Workers' Compensation Law § 32 waiver agreement was four days late. Claimant and the employer's workers' compensation carrier entered into a waiver agreement pursuant to Workers' Compensation Law § 32 that was approved by the Workers' Compensation Board on September 10, 2001 (*see* Workers' Compensation Law § 32 [a], [b]; 12 NYCRR 300.36 [d], [e]). It is undisputed that the carrier's central office is the place from which it issued section 32 settlement checks, that office was located in lower Manhattan near the World Trade Center and it was closed following the attacks of September 11, 2001. The carrier was able, through what the Board characterized as "laudable" efforts, to issue the settlement check from its office in the City of Albany on Monday, September 24, 2001. It was nevertheless not in strict compliance with the 10-day requirement for issuing such a check (*see* 12 NYCRR 300.36 [g]). Claimant thus requested that a section

25 (3) (f) penalty be assessed (*see* 12 NYCRR 300.36 [g]) and a Workers' Compensation Law Judge granted the request. The Board, ostensibly believing that it had no discretionary power with respect to the issue, concluded that it was "constrained" to affirm. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) appeal.

The carrier contends that its delay was excused by Executive Order [Pataki] Nos. 113.7 and 113.28 (*see* 9 NYCRR 5.113), which were issued by the Governor following the September 11, 2001 attacks. The relevant portions of those Executive Orders, however, address situations in which there is no discretionary power to extend a relevant time limitation (*see CB Richard Ellis v JLC Holdings*, 306 AD2d 870, 870-871 [2003]). Here, the Attorney General acknowledged in his brief that the Board is, in fact, vested with discretion to extend the pertinent time limitation. The Attorney General notes that, since Workers' Compensation Law § 25 (3) (f) applies to section 32 waiver agreements by operation of 12 NYCRR 300.36 (g),* the time may be extended through the Board's discretionary power to "suspend or modify the application of any of [its] rules" (12 NYCRR 300.30; *see Matter of Vukel v New York Water & Sewer Mains*, 94 NY2d 494, 497 [2000]). Although the carrier did not specifically cite to 12 NYCRR 300.30 in its application to the Board, it implicated the Board's discretionary power by asking it to act in the interest of justice. Given the unique circumstances presented by this case, the Board should consider whether the short delay in complying with the time requirement should be excused under its discretionary power pursuant to 12 NYCRR 300.30. Accordingly, the matter is remitted to the Board for consideration of this issue, together with such further development of the record as it deems necessary. In light of our decision to remit the matter to the Board to consider whether it should exercise its discretionary power, it is not necessary to address whether the Executive Orders apply to this situation.

---

* Workers' Compensation Law § 32 agreements involve a narrow situation where an employee may, among other things, waive the "right to compensation under this chapter" in exchange for an agreed and approved payment (Workers' Compensation Law § 32). Thus, unlike Workers' Compensation Law § 15 (5-b) lump-sum settlements, a payment under section 32 is not necessarily "compensation" as defined in Workers' Compensation Law § 2 (6). Hence, while Workers' Compensation Law § 25 (3) (f) is self-executing as to a failure to pay Workers' Compensation Law "compensation" (*see Matter of Surdi v Premium Coal & Oil Co.*, 52 NY2d 860 [1981], *revg on dissenting op below* 71 AD2d 964, 965 [1979]; *see also Matter of Keser v New York State Elmira Psychiatric Ctr.*, 92 NY2d 100 [1998]), it is 12 NYCRR 300.36 (g) that makes the penalty of section 25 (3) (f) applicable to a section 32 waiver agreement payment.

Cardona, P.J., Crew III, Carpinello and Rose, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.