■ In the Matter of the Claim of SUSAN HART, Claimant, v PAGEPRINT/DEKALB et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [775 NYS2d 195]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed April 23, 2003, which imposed a late payment penalty on the employer's workers' compensation carrier.

Claimant is permanently partially disabled as a result of an occupational disease, bilateral carpal tunnel syndrome. Pursuant to Workers' Compensation Law § 32, she entered into a waiver agreement with her employer's workers' compensation carrier which provided that she would receive $35,200, less counsel fees of $4,400, "in complete satisfaction of any further obligation on the part of the [c]arrier to the [c]laimant." The parties filed the agreement with the Workers' Compensation Board, which informed them that "a meeting may not be necessary to approve or disapprove [the] agreement," and requested that claimant submit a notarized claimant release form. On September 12, 2002, the Board notified the parties that it would approve the waiver agreement unless it received a written request from either party to disapprove the agreement or it found the agreement to be unfair, unconscionable, improper as a matter of law, or the result of an intentional misrepresentation of fact. On October 3, 2002, the Board approved the agreement without a hearing. Although the carrier paid claimant the agreed-upon amount on October 23, 2002, claimant requested a priority hearing in November 2002 to assess a penalty against the carrier because payment was not made within 10 days of the Board's approval of the agreement (*see* 12 NYCRR 300.36 [g]). A Workers' Compensation Law Judge assessed a penalty in the amount of $7,040 pursuant to Workers' Compensation Law § 25 (3) (f). The Board affirmed and the employer and its carrier now appeal.

An agreement to settle a workers' compensation claim will not become binding upon the claimant and the employer or its carrier unless the agreement is approved by the Board (*see* Workers' Compensation Law § 32 [a]). As relevant here, such an agreement will not be approved if "within [10] days of submitting the agreement one of the interested parties requests that the [B]oard disapprove the agreement" (Workers' Compensation Law § 32 [b] [3]; *see* 12 NYCRR 300.36 [d] [3]). "For the purposes of section 32 of the Workers' Compensation Law and this section, an agreement shall be deemed submitted when it is received by the [B]oard at the time a hearing is conducted to question the parties about the agreement" (12 NYCRR 300.36 [b]; *see Matter of Estate of Lutz v Lakeside Beikirk Nursing Home,* 301 AD2d 688, 691 [2003], *lv dismissed* 99 NY2d 651 [2003] [concluding that the rule is rational]).

Here, the Board purported to approve the agreement without

a hearing, pursuant to its "New Section 32 Settlement Agreement Procedures," which were promulgated in 2000 and streamline the administrative method of handling less complex Workers' Compensation Law § 32 claims (*see* Workers' Comp Bd Release Subject No. 046-96). In contrast to 12 NYCRR 300.36 (b), which states that an agreement is deemed to be submitted to the Board at the hearing regarding the agreement, the streamlined procedures indicate that an agreement is deemed to be submitted to the Board when a release form is received by the Board from the claimant and that any party may request disapproval from the Board within 10 days (Workers' Comp Bd Release Subject No. 046-96). The parties concur that the streamlined procedures are invalid because they conflict with the provisions of 12 NYCRR 300.36 and the waiver agreement was never properly approved. Inasmuch as the agreement was not approved, the 10-day limitations period of 12 NYCRR 300.36 (g) never commenced and the imposition of a penalty must be reversed.

Regarding the settlement agreement itself, the parties further agree that the hearing contemplated by 12 NYCRR 300.36 (b) must be held in this case (*see generally Matter of Estate of Lutz v Lakeside Beikirk Nursing Home, supra*). The Board contends, however, that its authority under Workers' Compensation Law § 32 to control payment of settlement awards exists prior to the time of payment and that payment may be made only after approval of the agreement (*see* 12 NYCRR 300.36 [e], [g]). Thus, the Board maintains, unless claimant returns the moneys she received under the agreement to the carrier, it is powerless to approve the agreement. We note that the timing of the payment is controlled by regulation, rather than Workers' Compensation Law § 32. Accordingly, the Board may, pursuant to its discretionary power to "suspend or modify the application of any of these rules" (12 NYCRR 300.30), hold a hearing on the agreement without requiring claimant to first pay back the moneys received (*see generally Matter of Anderson v Central N.Y. DDSO,* 2 AD3d 1011 [2003]; *Matter of Johnson v Shelmar Corp.,* 2 AD3d 1010 [2003]). Under these circumstances, where the Board concedes that it failed to properly approve the agreement, the matter should be remitted to the Board for a hearing.

We have considered the parties' remaining arguments and conclude that they are without merit.

Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.