In the Matter of the Claim of Esad Desic, Appellant, v Fairfield Properties et al., Respondents. Workers' Compensation Board, Respondent. [800 NYS2d 243]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed September 15, 2004, which rescinded a late penalty imposed on the employer's workers' compensation carrier.

Claimant was injured in the course of his employment in August 2001. Pursuant to Workers' Compensation Law § 32, claimant and his employer's workers' compensation carrier negotiated a proposed waiver agreement of settlement whereby claimant would receive $93,000, less counsel fees of $11,000, in complete satisfaction of any further obligations on the part of the carrier and employer. The parties filed the agreement with

the Workers' Compensation Board, which subsequently informed them that "a meeting may not be necessary to approve or disapprove [the] agreement" and requested that claimant submit a notarized release form. On October 9, 2003, the Board notified the parties that it would approve the agreement unless it received a written request from either party to disapprove it. On October 28, 2003, the Board approved the agreement without a hearing and the carrier paid claimant the agreed-upon amount on November 11, 2003. Thereafter, claimant requested a priority hearing to assess a penalty against the carrier on the basis of its failure to make payment within 10 days of the Board's approval of the agreement (*see* 12 NYCRR 300.36 [h]). On April 30, 2004, a Workers' Compensation Law Judge assessed a penalty in the amount of $18,600 pursuant to Workers' Compensation Law § 25 (3) (f). The Board rescinded that determination and claimant now appeals.

Initially, contrary to claimant's contention, the recent amendment of 12 NYCRR 300.36—which permits Workers' Compensation Law § 32 agreements to be administratively approved without a hearing (*see* 12 NYCRR 300.36 [e])—is not applicable herein as it became effective subsequent to the Board's approval of the parties' agreement. At the time the agreement at issue was approved, 12 NYCRR 300.36 (former [b]) provided that "[n]o agreement shall be approved for a period of 10 calendar days after submission to the board" (*see* Workers' Compensation Law § 32 [b] [3]). An agreement was "deemed submitted when it [was] received by the Board at the time a hearing [was] conducted to question the parties about the agreement" (12 NYCRR 300.36 [former (b)]; *see Matter of Hart v Pageprint/Dekalb*, 6 AD3d 947, 948 [2004]). Here, the Board properly concluded that the parties' agreement had not been validly approved since no hearing was held prior thereto (*see Matter of Hart v Pageprint/Dekalb, supra* at 948-949). Consequently, the 10-day period for the carrier to make payment never commenced (*see* 12 NYCRR 300.36 [h]) and the Board's reversal of the late-payment penalty was proper (*see Matter of Hart v Pageprint/Dekalb, supra* at 949; *see also Matter of Swearingen v Waste Stream Envtl., Inc.*, 9 AD3d 530, 531 [2004]).

Finally, insofar as the parties had fully performed the agreement and had not sought to withdraw from it or otherwise declare it invalid, the Board did not abuse its discretionary authority, pursuant to 12 NYCRR 300.30, by subsequently suspending the hearing requirement and deeming the agreement properly and finally approved as of the date the Board originally issued its notice of approval (*see generally Matter of Anderson v Central N.Y. Dev. Disabilities Serv. Off.*, 2 AD3d 1011, 1012 [2003]).

Mercure, Peters, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.