■ In the Matter of the Claim of BENJAMIN VELEZ, Appellant, v MODERN LINENS & TOWELS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [801 NYS2d 842]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed October 15, 2004, which, inter alia, declined to impose a late payment penalty on the employer's workers' compensation carrier.

Claimant suffered a work-related injury to his back in 1998 and was thereafter determined to have suffered a permanent partial disability, entitling him to workers' compensation benefits. Although the claim was later amended to add major depression as an associated compensable injury, following a hearing in 2002 claimant was found to have returned to his preaccident status with respect to this condition. In 2003, claimant, represented by counsel, and the employer entered into a settlement agreement pursuant to Workers' Compensation Law § 32 whereby claimant agreed to accept a lump sum of $50,000, less $7,500 in counsel fees, releasing the employer from any further liability related to claimant's 1998 injury. The agreement was filed with the Workers' Compensation Board, which informed the parties that it would "undertake a review of the agreement and may approve the agreement without

scheduling a meeting." Having received no requests to withdraw the agreement, the Board approved it without a hearing and closed claimant's case in February 2004.

Shortly thereafter, claimant sought to reopen his claim, requesting an assessment of a late payment penalty on the employer and seeking to set aside the agreement on the ground that it failed to take his depressive disorder into account. Affirming the Workers' Compensation Law Judge, the Board denied both of claimant's requests, finding that no late penalty could be imposed and concluding that the agreement precluded claimant from seeking compensation for his psychological injury. Claimant appeals.

We affirm. Settlement agreements executed pursuant to Workers' Compensation Law § 32 become binding upon the claimant and employer only when they have been submitted to and approved by the Board after the elapse of a 10-day period following submission in which requests to withdraw the agreement may be made (*see* Workers' Compensation Law § 32; 12 NYCRR 300.36). At the time the settlement agreement at issue was entered into, the Board's regulations provided that "an agreement shall be deemed submitted when it is received by the [B]oard at the time a hearing is conducted to question the parties about the agreement" (12 NYCRR former 300.36 [b]). As no hearing was ever held, we agree with the Board that our recent decision in *Matter of Hart v Pageprint/Dekalb* (6 AD3d 947 [2004]) controls. As relevant here, we stated in that case that settlement agreements for which no hearings are held in derogation of Board procedure are not "submitted" and, consequently, may not be deemed to have been approved by the Board such that the time limits for calculating late penalties are triggered.* Thus, we find that the Board properly declined to impose such penalty on the employer.

We further perceive no impropriety in the Board's exercise of its discretionary authority to suspend or modify the application of its rules by deeming the agreement to have been approved notwithstanding the absence of a hearing (*see* 12 NYCRR 300.30; *Matter of Hart v Pageprint/Dekalb, supra* at 949; *Matter of Anderson v Central N.Y. Dev. Disabilities Serv. Off.*, 2 AD3d 1011, 1012 [2003]). In this regard, claimant informed the Board that he had fully consented to the agreement's terms, made no

---

* To resolve the inconsistency between Workers' Compensation Law § 32 and its corresponding regulations, brought to the Board's attention by this Court in *Matter of Hart v Pageprint/Dekalb* (*supra*), the Board amended 12 NYCRR 300.36 (b) to dispense with the mandate that hearings be held as a prerequisite to settlement agreement approval.

timely request for its withdrawal despite being made aware of his right to do so and accepted the payment called for by the agreement.

Finally, we reject claimant's contention that the agreement should be nullified because it erroneously excluded compensation for his depression. Claimant stipulated to the agreement which stated that the causal relationship between his employment and his depression had terminated, as determined by a Workers' Compensation Law Judge following a hearing on the matter. Moreover, the record indicates that the benefits which claimant had been receiving and which were subsumed by the lump sum contemplated by the agreement were limited to treatment of claimant's established back injury. Based on the foregoing, we decline to disturb the Board's decision.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.