■ In the Matter of the Claim of JOHN F. PALMER, Respondent, v SPECIAL METALS CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [840 NYS2d 650]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed March 16, 2006, which ruled that it did not have jurisdiction to review the terms of a waiver agreement.

Claimant's workers' compensation case, arising from a compensable injury on January 5, 1995, was terminated on March 12, 2003 by a structured settlement agreement which required the workers' compensation carrier to make specified periodic payments to claimant in exchange for his waiver of future workers' compensation benefits. In January 2006, claimant's employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) sought to reopen the workers' compensation case, alleging that claimant had fraudulently failed to disclose income that he was earning prior to the settlement. Relying upon the fact that the settlement agreement had been approved and that it provided that it was not subject to appeal or review under Workers' Compensation Law §§ 23 and 123, the Workers' Compensation Board determined that it lacked jurisdiction to reopen the case. The employer now appeals.

We affirm. Workers' Compensation Law § 32 (c) provides, in relevant part, that "[a] decision duly filed and served approving an agreement submitted to the board shall not be subject to review pursuant to section twenty-three of this article." Although the Board has continuing jurisdiction over its cases pursuant to Workers' Compensation Law § 123, it is well settled that "neither the Board nor this Court may review a waiver agreement once it has been approved" (*Matter of Drummond v Desmond*, 295 AD2d 711, 714 [2002], *lv denied* 98 NY2d 615 [2002]; *see Matter of Estate of Lutz v Lakeside Beikirk Nursing Home*, 301 AD2d 688, 690 [2003], *lv dismissed* 99 NY2d 651 [2003]; *Matter of Multari v Keenan Oil Co.*, 307 AD2d 651, 652 [2003], *lv dismissed* 1 NY3d 622 [2004]).* Here, the employer's application to the Board constitutes a request for a review of the settlement agreement, a right which does not exist once the settlement agreement has been formally approved (*see* Workers' Compensation Law § 32 [c]; 12 NYCRR 300.36 [f]). In our view, administrative review encompasses applications to reopen a settlement agreement based on alleged fraud, particularly where, as here, claimant had disclosed the alleged source of the income before the agreement was made and timely investigation could have been conducted by the employer. Accordingly, the Board correctly determined that it lacked the necessary jurisdiction to entertain the employer's application.

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* While review occurred in *Lutz* and *Multari*, they are distinguishable. In *Lutz*, the settlement had never been approved by the Board and in *Multari*, the claim was that the psychiatric injury was not included in the approved settlement.