◾ In the Matter of the Claim of GEORGE NICKEL, Appellant, v PILGRIM PSYCHIATRIC CENTER et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [922 NYS2d 625]—

Peters, J.P. Appeal from a decision of the Workers' Compensation Board, filed March 10, 2010, which denied claimant's request to rescind a settlement agreement made pursuant to Workers' Compensation Law § 32.

Claimant was injured in a work-related accident in 1996 and was awarded workers' compensation benefits. In 2001, claimant and the employer's workers' compensation carrier negotiated a settlement agreement pursuant to Workers' Compensation Law § 32. Under the agreement, the carrier agreed to pay claimant a lump sum payment of $92,950, with claimant's understanding that an attorney's fee of $12,000 would be deducted from the lump sum amount. Further, pursuant to the agreement, claimant acknowledged that the Suffolk County Office of Child Support Enforcement Bureau was to deduct the entire amount of claimant's outstanding child support payments, which apparently totaled $18,973.50, from proceeds of the settlement. This agreement was ultimately approved by the Workers' Compensation Board in November 2001.

In 2009, claimant requested that the Board rescind the settlement agreement. His request was based upon his contention

that he believed at the time the agreement was reached that the carrier was to pay the outstanding child support payment separately, and not out of the $92,950 settlement amount. Following a hearing, a Workers' Compensation Law Judge found that the approved settlement agreement was not subject to review pursuant to Workers' Compensation Law § 32. On review, the Board affirmed and declined to exercise its discretion under Workers' Compensation Law § 123 to rescind the agreement. Claimant now appeals.

Initially, we are mindful that "[a] decision duly filed and served approving an agreement submitted to the [B]oard shall not be subject to review pursuant to section twenty-three of this article" (Workers' Compensation Law § 32 [c]; *see* 12 NYCRR 300.36 [g]). Further, "[a]lthough the Board has continuing jurisdiction over its cases pursuant to Workers' Compensation Law § 123, it is well settled that 'neither the Board nor this Court may review a waiver agreement once it has been approved' " (*Matter of Palmer v Special Metals Corp.*, 42 AD3d 833, 834 [2007], quoting *Matter of Drummond v Desmond*, 295 AD2d 711, 714 [2002], *lv denied* 98 NY2d 615 [2002]; *see Matter of Estate of Lutz v Lakeside Beikirk Nursing Home*, 301 AD2d 688, 690 [2003], *lv dismissed* 99 NY2d 651 [2003]).

Our review of the record, however, reveals that the Board did not hold a hearing prior to approving the agreement in 2001. Such a hearing was required at the time (*see* 12 NYCRR 300.36 [former (b)]; *Matter of Desic v Fairfield Props.*, 21 AD3d 679, 680 [2005], *lv denied* 5 NY3d 716 [2005]; *Matter of Hart v Pageprint/Dekalb*, 6 AD3d 947, 948-949 [2004]) and, without a hearing, the settlement was not validly approved (*see Matter of Desic v Fairfield Props.*, 21 AD3d at 680; *Matter of Hart v Pageprint/Dekalb*, 6 AD3d at 948-949). Inasmuch as the settlement agreement was not validly approved, the Board is not precluded from reviewing the agreement pursuant to Workers' Compensation Law § 32 (*see Matter of Estate of Lutz v Lakeside Beikirk Nursing Home*, 301 AD2d at 690). Accordingly, the matter must be remitted for further consideration by the Board.

Rose, Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.