■ In the Matter of the Claim of PAUL THOMAS COOPER, Appellant, v COSMOPOLITAN CARE CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [932 NYS2d 910]—

Mercure, J.P.

Claimant was injured at work in May 1985 when he was struck with a pipe on the right side of his face, in the temporal region of the right eye. In June 1985, claimant also injured his left eye at work. Two workers' compensation claims were established, and claimant was found to be permanently disabled. In 1999, claimant and the employer's workers' compensation carrier entered into a settlement agreement pursuant to Workers' Compensation Law § 32. Following a hearing, the Workers' Compensation Board approved the agreement in which the carrier agreed to pay claimant a lump-sum payment of $78,650, in full satisfaction of any future obligations on the part of the carrier or the employer on both claims. In 2008, claimant requested that his claims be reopened based upon alleged injuries to his left temple and a finger on his right hand. The Board determined that it did not have jurisdiction to reopen the claims and denied claimant's request. Claimant now appeals.

We affirm. Workers' Compensation Law § 32 (c) provides that "[a] decision duly filed and served approving an agreement submitted to the [B]oard shall not be subject to review pursuant to section [23] of this article." Further, "[a]lthough the Board has continuing jurisdiction over its cases pursuant to Workers'

Compensation Law § 123, it is well settled that 'neither the Board nor this Court may review a waiver agreement once it has been approved' " (*Matter of Palmer v Special Metals Corp.*, 42 AD3d 833, 834 [2007], quoting *Matter of Drummond v Desmond*, 295 AD2d 711, 714 [2002], *lv denied* 98 NY2d 615 [2002]). Here, the waiver agreement and claimant's testimony at the hearing unequivocally expressed his understanding that the agreement settled all past, present and future claims resulting from the 1985 accidents. While the Board may review a waiver agreement to consider whether an established claim that arose from the accident in question was included in the agreement (*see Matter of Multari v Keenan Oil Co.*, 307 AD2d 651, 652 [2003], *lv dismissed* 1 NY3d 622 [2004]), there is nothing in the record indicating that claimant's alleged injuries to his left temple and a finger were established as compensable claims. Accordingly, the Board properly determined that it lacked jurisdiction to consider claimant's request (*see Matter of Palmer v Special Metals Corp.*, 42 AD3d at 834).

Peters, Spain, Rose and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.