■ In the Matter of the Claim of LAURA NANTERNE, Respondent, v SHAHLA AHDOOT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [24 NYS3d 795]—

Clark, J. Appeal from a decision of the Workers' Compensation Board, filed December 6, 2013, which denied a request by the uninsured employers to rescind approval of a settlement agreement made pursuant to Workers' Compensation Law § 32.

Claimant sustained a work-related injury to her back, neck and head in 2002 and was awarded workers' compensation benefits. At the time of the accident, claimant's employers, Shahla Ahdoot and Mitchel Ahdoot, were uninsured and,

therefore, the Uninsured Employers Fund (hereinafter UEF) paid claimant any benefits awarded and sought reimbursement from the uninsured employers (*see* Workers' Compensation Law § 26-a [1] [a]). In 2012, claimant and UEF negotiated a settlement agreement pursuant to Workers' Compensation Law § 32, wherein, upon consideration of $45,000, claimant waived her right to further compensation and released and discharged UEF and the uninsured employers from liability on her claim. Following a hearing, the Workers' Compensation Board approved the settlement agreement. Thereafter, the uninsured employers requested that the Board rescind the agreement on the ground that they had not consented to it. On review, the Board determined that an uninsured employers' consent was "not required to execute an otherwise valid [Workers' Compensation Law § 32] agreement" and affirmed its approval of the settlement agreement, prompting this appeal.

"A decision duly filed and served approving an agreement submitted to the [B]oard shall not be subject to review pursuant to [Workers' Compensation Law § 23]" (Workers' Compensation Law § 32 [c]; *see* 12 NYCRR 300.36 [g]). Additionally, this Court may not review a waiver agreement once it has been approved by the Board (*see Matter of Nickel v Pilgrim Psychiatric Ctr.*, 84 AD3d 1490, 1491 [2011]; *Matter of Palmer v Special Metals Corp.*, 42 AD3d 833, 834 [2007]; *Matter of Estate of Lutz v Lakeside Beikirk Nursing Home*, 301 AD2d 688, 691 [2003], *lv dismissed* 99 NY2d 651 [2003]; *Matter of Drummond v Desmond*, 295 AD2d 711, 713-714 [2002], *lv denied* 98 NY2d 615 [2002]). On appeal, the uninsured employers argue that the Board erroneously determined, in 2003, that Mitchel Ahdoot was claimant's employer and that, therefore, he should not be bound by the waiver agreement. Setting aside the fact that the uninsured employers did not appeal from the Board's determination that Mitchel Ahdoot was claimant's employer, this Court lacks the authority to review the Board's approval of the waiver agreement. As a result, we must affirm the Board's decision to deny the uninsured employers' application to rescind the agreement (*see Matter of Palmer v Special Metals Corp.*, 42 AD3d at 834; *compare Matter of Nickel v Pilgrim Psychiatric*, 84 AD3d at 1491).

Peters, P.J., Garry, Egan Jr. and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.