Matter of Weishar v Dan Tait Inc. (2021 NY Slip Op 02199)





Matter of Weishar v Dan Tait Inc.


2021 NY Slip Op 02199


Decided on April 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 8, 2021

529662
[*1]In the Matter of the Claim of Cresandra Weishar, as Administrator of the Estate of Patrick Daniel Volpe Sr., Deceased, Appellant,
v
Dan Tait Inc. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:March 17, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.

Law Firm of Alex Dell, PLLC, Albany (Nicholas A. Fusco of counsel), for appellant.
Tanisha S. Edwards, State Insurance Fund, New York City (William R. Hartman of counsel), for Dan Tait Inc. and another, respondents.



Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed January 15, 2019, which ruled that the Workers' Compensation Law § 32 settlement agreement was a nullity.
In July 2014, Patrick Daniel Volpe Sr. (hereinafter decedent) sustained multiple injuries when he fell from a ladder while he was working as a carpenter. He applied for workers' compensation benefits and his claim was established for injuries to his head, neck, back, right hip and right calf. The claim was later amended to include neurocognitive and psychotic disorder, depression and anxiety. In June 2016, decedent was found to be permanently totally disabled and was awarded wage loss benefits of $494 per week for the rest of his life.
In June 2018, decedent and the employer's workers' compensation carrier negotiated a settlement agreement under Workers' Compensation Law § 32 providing, among other things, that the carrier would pay $156,000 to decedent and, in return, decedent would waive his right to future wage loss benefits. The agreement was submitted to the Workers' Compensation Board for approval, but the Board declined to do so given such agreement did not include all established sites of injury. The parties, in turn, executed a revised agreement remedying this defect. On June 27, 2018, the Board issued a notice approving the revised settlement agreement. The notice stated that the settlement agreement was deemed to have been submitted to the Board on July 3, 2018 and advised the parties that they had 10 days, or until July 13, 2018, within which to submit a request to withdraw from the agreement. The notice further advised, in bold face letters, that "[i]f no party withdraws from the agreement by July 13, 2018, the approval of the [w]aiver [a]greement will become final and conclusive on all parties on July 14, 2018."
On July 5, 2018, decedent suffered sudden cardiac arrest and died. The carrier was notified on July 16, 2018 and, four days later, filed a request for further action seeking to have the Board reverse its approval of the settlement agreement in light of decedent's death. On July 31, 2018, the Board issued a decision rescinding its approval, finding that decedent's death effectively nullified the settlement agreement. Counsel for claimant, decedent's widow, objected. Thereafter, the Board rescinded its July 31, 2018 decision and the matter was referred to a Workers' Compensation Law Judge (hereinafter WCLJ). Following a hearing, the WCLJ ruled that decedent's death prior to the expiration of the 10-day waiting period rendered the settlement agreement a nullity. Counsel, on behalf of claimant, the administrator of decedent's estate, filed an application for Board review of this decision. The Board upheld the WCLJ's decision, and this appeal by claimant ensued.
We affirm. "An agreement to settle a workers' compensation claim will not become binding upon the claimant and the employer or its carrier unless the agreement is approved by the [*2]Board" (Matter of Hart v Pageprint/Dekalb, 6 AD3d 947, 948 [2004]; see 12 NYCRR 300.36 [e]). Workers' Compensation Law § 32 (b) (3) imposes a 10-day waiting period before such an agreement will be deemed approved, stating that "[t]he agreement shall be approved by the [B]oard in a decision duly filed and served unless. . . within [10] days of submitting the agreement one of the interested parties requests that the [B]oard disapprove the agreement" (see 12 NYCRR 300.36 [e] [3]). The statute further provides that if "the [B]oard finds the proposed agreement unfair, unconscionable, or improper as a matter of law," the agreement will not be approved (Workers' Compensation Law § 32 [b] [1]; see 12 NYCRR 300.36 [e] [1]). Here, decedent died prior to the expiration of the 10-day waiting period. Although a disapproval request was not received by the Board during this time, the carrier was unaware of decedent's death until after the 10-day period had expired and was unable to make a timely request. Under these circumstances, the Board could reasonably conclude that decedent's death rendered the agreement "unfair, unconscionable or improper as a matter of law." The Board's conclusion is consistent with previous Board precedent finding, in similar circumstances, that a decedent's death prior to the final approval of a settlement agreement rendered the agreement a nullity (see Employer: Mid State Bus Service, 2015 NY Wrk Comp G009 7202, 2015 NY Wrk Comp LEXIS 10102 [Nov. 2, 2015]). In view of the foregoing, we find no reason to disturb the Board's decision (see generally Matter of Estate of Lutz v Lakeside Beikirk Nursing Home, 301 AD2d 688, 690-691 [2003], lv dismissed 99 NY2d 651 [2003]).
Egan Jr., J.P., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.