Matter of Quinn v Pepsi Bottling Group, Inc. (2021 NY Slip Op 06407)





Matter of Quinn v Pepsi Bottling Group, Inc.


2021 NY Slip Op 06407


Decided on November 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 18, 2021

531725
[*1]In the Matter of the Claim of Thomas E. Quinn, Claimant,
v
Pepsi Bottling Group, Inc., et al., Appellants, and Special Disability Fund, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:October 13, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Walsh and Hacker, Albany (Peter J. Walsh of counsel), for appellants.
Special Funds Group, Schenectady (Kevin J. Rumsey of counsel), for Special Disability Fund, respondent.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.



Clark, J.
Appeal from an amended decision of the Workers' Compensation Board, filed October 23, 2019, which ruled that the employer's third-party administrator is not entitled to reimbursement from the Special Disability Fund.
Claimant sustained a work-related injury to his left foot in July 2005 and established a claim for workers' compensation benefits. The claim was later amended to include a consequential injury to the back and reflex sympathetic dystrophy. In October 2009, claimant, the employer's third-party administrator and the Special Funds Conservation Committee (hereinafter SFCC)[FN1] entered into a settlement agreement that was later approved by the Workers' Compensation Board. As set forth in the agreement, the administrator agreed to pay claimant $145,000 in exchange for claimant's waiver of entitlement to any future indemnity benefits, and the SFCC agreed to reimburse the administrator $83,200 in exchange for the administrator's waiver of its rights under Workers' Compensation Law § 25-a.
In January 2019, the employer and its third-party administrator requested a hearing before the Board to address the fact that the administrator had not been reimbursed out of the Special Disability Fund (hereinafter the Fund). At the hearing, the Special Funds Group (hereinafter SFG) argued that reimbursement was not required because the administrator failed to comply with Workers' Compensation Law § 15 (8) (h) (2) (B) by requesting reimbursement from the SFCC within one year of the administrator's payment of the lump sum to claimant. The Workers' Compensation Law Judge found that the 2009 settlement agreement did not contain language that reimbursement was subject to the statutory limitations of Workers' Compensation Law § 15 (8) (h) (2) (B) and directed that the SFG reimburse the administrator per the terms of the agreement. The Board affirmed this determination on administrative appeal. However, the SFG sought reconsideration and/or full Board review, and, exercising its continuing jurisdiction under Workers' Compensation Law § 123, the Board, in an amended decision, found that Workers' Compensation Law § 15 (8) (h) (2) (B) applied by operation of law, thereby rendering the administrator's reimbursement request untimely. Accordingly, the Board held that the SFG was not required to reimburse the administrator. The employer, its workers' compensation carrier and the administrator appeal.
We affirm. Initially, we find that the Board properly reviewed the settlement agreement to consider the applicability of Workers' Compensation Law § 15 (8) (h) (2) (B). In so holding, we are mindful that "[a] decision duly filed and served approving an agreement submitted to the [B]oard shall not be subject to review" under Workers' Compensation Law § 23 (Workers' Compensation Law § 32 [c]), and "that neither the Board nor this Court may review a waiver agreement once it has been approved" (Matter of Palmer v Special Metals Corp., 42 AD3d 833, 834 [2007] [internal [*2]quotation marks and citations omitted]; see Matter of Chen v Five Star Travel of NY Inc., 150 AD3d 1505, 1507 [2017]). In our view, however, the Board's continuing jurisdiction under Workers' Compensation Law § 123 includes consideration of the threshold issue of whether the statutory time limitations in Workers' Compensation Law § 15 (8) (h) (2) (B) are applicable (see generally Matter of Multari v Keenan Oil Co., 307 AD2d 651, 652 [2003], lv dismissed 1 NY3d 622 [2004]).
Turning to the merits, Workers' Compensation Law § 15 (8) (h) (2) (B) provides that "[a]ll requests for reimbursement from [the Fund] with a date of injury or date of disablement prior to July [1, 2007] as to which the [B]oard has determined that [the Fund] is liable must be submitted to [the Fund] by the later of (i) one year after the expense has been paid, or (ii) one year from the effective date of this paragraph."[FN2] This statute was part of the extensive 2007 legislative reforms that were intended, in part, to close the Fund by barring new claims and instituting the requirement that requests for reimbursement on established claims be made no later than one year after the benefits were paid (see Workers' Compensation Law § 15 [8]; Roman Catholic Diocese of Albany, N.Y. v New York State Workers' Compensation Bd., 96 AD3d 1288, 1288 [2012]).
The settlement agreement does not address the statutory time limitations of Workers' Compensation Law § 15 (8) (h) (2) (B) or indicate any intent on the part of the parties to deviate therefrom. The Board approved the settlement agreement in December 2009, and the administrator paid claimant at that time. There is no proof in the record that the SFCC was put on notice of either the Board's approval of the agreement or that the administrator had paid claimant. Further, it is uncontested that the administrator did not request reimbursement from SFCC after paying the benefit or raise any issue regarding reimbursement with the Board or the SFG until March 2018, more than eight years after the agreement was approved by the Workers' Compensation Board. Under these circumstances, the Board properly concluded that the administrator's request for reimbursement from the Fund was untimely and, therefore, reimbursement was not warranted. In our view, this result is consistent with the purpose of Workers' Compensation Law § 15 (8) (see Roman Catholic Diocese of Albany, N.Y. v New York State Workers' Compensation Bd., 96 AD3d at 1288). Finally, the administrator's remaining contention, that the Board had a conflict of interest in this matter, has been considered and found to be without merit (see Matter of Durham v Wal-Mart Stores, Inc., 174 AD3d 1273, 1275 [2019]).
Egan Jr., J.P., Lynch, Pritzker and Colangelo, JJ., concur.
ORDERED that the amended decision is affirmed, without costs.



Footnotes

Footnote 1: The SFCC was the entity responsible for overseeing Workers' Compensation Law § 15 (8) claims until January 1, 2017, when the Special Funds Group assumed that responsibility (see Workers' Comp Bd Release Subject No. 046-919).

Footnote 2: Workers' Compensation Law § 15 (8) (h) (2) (B) became effective March 13, 2007 (see L 2007, ch 6, § 76).