In the Matter of the Claim of MILLARD S. GREENE, Respondent, *v.* CHARLES H. SPROAT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 9, 1963.

*Hinman, Straub, Pigors & Manning (John J. Clyne* of counsel), for appellants.

*Garry & Cahill* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General (Daniel Polansky* and *Sylvia Livingston* of counsel), for Workmen's Compensation Board, respondent.

BERGAN, P. J.   This appeal raises a question relating to the internal procedural mechanism of the Workmen's Compensation Board.   On August 23, 1960 an award was made by a Referee to claimant and notice sent to the employer and carrier.   On August 29 the carrier made application to the board for a review of that decision on the stated ground the " rate was not arrived at in the proper manner in accordance with the Compensation Law " and specifying further the carrier contended claimant was " a seasonal worker and the 200 multiple should be used instead of the 300 multiple ".   (Workmen's Compensation Law, § 14, subds. 2, 3.)

On December 15, 1960 a notice of decision on the application for review was sent to the carrier and employer stating that " the Board finds no reason to disturb the compensation rate awarded " and reciting the reasons for this conclusion.   The application for review was denied.   This decision does not show on its face, or otherwise recite, that the determination was made by a panel of three board members.   It is signed only by the chairman of the board.

On May 31, 1961 the carrier and employer made application to the board for a rehearing.   This was denied by a decision dated August 1, 1961.   The decision also is signed by the chairman of the board.   It does not recite that it was considered by a panel of the board nor is it signed by a panel of the board.

The secretary of the board in certifying the record on appeal states that the record as prepared by appellants contains the papers on file in the office of the Workmen's Compensation Board and " the whole thereof ".

It seems clear when section 23 and subdivision 2 of section 142 of the Workmen's Compensation Law are read together that

the original application for review, and also the application for rehearing, were required to have been referred to a panel of at least three members of the board for consideration; and could not have been decided by the chairman alone or by any other single member of the board.

Section 23 authorizes an application to the board for a " modification or rescission or review " of any decision of a Referee. Subdivision 2 of section 142 provides that " [a]ny review " or " rehearing " required to be made by the board may be " conducted or made " by a panel consisting of " not less than three members thereof ".

And although the last paragraph of subdivision 2 authorizes the chairman to direct that certain hearings and determinations of claims and investigations be conducted by a member of the board individually, there is expressly excepted from this authorization a " rehearing of any claim " and the " review " of any decision upon a claim. Thus both the original application and the application for rehearing should have been decided by a board panel, even though the decision denying the application for review of the Referee's decision could have been made " without further hearing " (Rules and Procedure of Workmen's Compensation Board, rule 13).

On the face of the record, therefore, in view of the certification of completeness by the board secretary we would be required to remit to the board to show a compliance with the procedural mandate of the statute were it not for a concession made on the argument by appellants.

The Attorney-General attached to his brief an appendix which shows that on December 15, 1960 the application for review by the carrier in this case was denied in a decision signed by a panel of three board members; and further shows a similarly signed decision of denial of rehearing on August 1, 1961. Appellants concede the authenticity of these documents which supply the jurisdictional basis lacking in the record as officially certified.

Although no one has explained why the record was certified without including these decisions which are a vital part of the proceedings before the board, we see no need to remit for an amended certification of what is now conceded by appellants.

The point stressed by appellants that the decisions were made by a clerk rather than by a board panel is contrary to the express statements in the decisions themselves that they were each made " by a panel of three members " and containing the signatures of the panel members in documents now conceded to have been part of the process of decision in this claim.

On the merits, the award is right. Claimant had been employed as an industrial worker. He was laid off at the plant and went to work on the employer's farm "until he was called back to work" by the former employer. An affidavit by the employer states that if he had not been hurt at the beginning of August "he would probably have worked" into the month of September.

To ascertain the claimant's rate the Referee and board employed subdivision 2 of section 14 of the Workmen's Compensation Law. Appellants argue subdivision 3 should have been applied. Subdivision 2 provides that if the employee shall not have worked in the employment at which he is injured during substantially the whole year immediately preceding the accident the average annual earnings of a six-day worker shall consist of 300 times the average daily wage of an "employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment".

The employer himself certified another "employee of the same class" as a basis for the determination of the board. Both claimant and the other employee worked six days a week at the same work and there was a difference of 25 cents in the hourly rate in favor of claimant.

It appears to us that this is exactly the kind of situation contemplated by subdivision 2 of section 14. Claimant did not work in that employment substantially the whole year. Hence the wage of another employee "of the same class" could be applied. The employer himself states that the other employee was of "the same class". Both that other employee and claimant worked six days a week on an hourly basis doing similar work on the employer's farm.

That the claimant "probably" would not have stayed beyond the end of the harvest season is not controlling. The statute sets up the year "immediately preceding" as the test. Cases cited by appellants, such as *Matter of Ednie* v. *Five Star Beverage Co.* (16 A D 2d 845); *Matter of Chromey* v. *Argentieri* (10 A D 2d 749) and *Matter of Baker* v. *Town of Aurora* (2 A D 2d 913) are cases in which the board determined as a question of fact that subdivision 3 applied and this court affirmed. The decision in *Matter of Blatchley* v. *Dairymen's League Co-op. Assn.* (225 App. Div. 167) turned upon a different point.

Our decision in *Matter of Franz* v. *Gluck* (275 App. Div. 976) more directly strikes the problem here, but it illustrates the kind of case in which subdivision 2 is inappropriate and it leads to affirmance of the case before us.

There the claimant, an elderly man, worked two days a week. No other employee was similarly employed and hence this court decided subdivision 2 could not be applied because there was no other "employee of the same class". Here the employer himself certified another six-day worker who was employed substantially the whole preceding year as being in the same class as claimant.

We ought not carry any farther than necessary the restrictive effect of *Matter of Franz* applied to a statute describing "the same or in a similar employment in the same or a neighboring place" as the test authorizing the application of subdivision 2.

The award should be affirmed, without costs.

COON, GIBSON, HERLIHY and TAYLOR, JJ., concur.

Award affirmed, without costs.