■ In the Matter of the Claim of HEADLEY DRUMMOND, Respondent, v THE DESMOND et al., Respondents, and FIRST REHABILITATION LIFE INSURANCE COMPANY OF AMERICA, Appellant. WORKERS' COMPENSATION BOARD, Respondent. (And Two Other Related Proceedings.) [744 NYS2d 224] —Spain, J. Appeals from two letters of the Workers' Compensation Board, dated August 16, 2000 and October 27, 2000, which denied the disability insurance carrier's requests for review by the Workers' Compensation Board.

This appeal consolidates three cases. In each, a claim for workers' compensation benefits for injuries allegedly sustained during the course of each claimant's employment was controverted by each claimant's employer and its workers' compensation carrier. While the claims were pending, the disability insurance carrier for all three employers, First Rehabilitation Life Insurance Company of America, paid disability benefits to each claimant and then, as authorized by statute, sought reimbursement for these payments from the proceeds of any

future award of workers' compensation benefits (*see*, Workers' Compensation Law § 206 [2]).[1]

The Workers' Compensation Board never considered the merits of any of the claims because each case was settled by a waiver agreement executed by each claimant and the employer's workers' compensation carrier whereby each claimant received a cash payment in exchange for waiving all claims for workers' compensation benefits (*see*, Workers' Compensation Law § 32).[2] The disability carrier participated in hearings held to determine the propriety of the agreements, and in each instance sought a lien against the proceeds of the agreements to secure its statutory right to reimbursement and expressly objected on the record to the approval of each agreement without such a lien (*see*, Workers' Compensation Law § 206 [2]). Claimants and the workers' compensation carriers argued that liens were improper because reimbursement is provided solely from any "award of workers' compensation benefits" (*id.*) and, inasmuch as the subject claims were never established because they were resolved by a private settlement between the parties, the proceeds thereof were not "award[s]" which triggered rights to reimbursement. The Board Commissioner presiding over each matter agreed and denied the disability carrier's request for a lien. The Board subsequently approved each waiver agreement.

The disability carrier sought Board review of the Commissioner's denial of its request for a lien in each case, seeking rescission of the waiver agreements on the grounds that they were executed in bad faith and should not be approved over the disability carrier's objection. In response, counsel for the Board issued letters addressing each matter, stating that the Board would not entertain the disability carrier's application for Board review on the basis that the disability carrier's objection did not operate to prevent approval of the waiver agreement because the disability carrier is not an interested party within the meaning of Workers' Compensation Law § 32 (b) (3)[3] and, once approved, a waiver agreement is not subject to

---

**1.** The disability carrier sought reimbursement of $3,910 from claimant Headley Drummond, $2,121 from claimant Stephanie Scire and $2,024 from claimant Sandra Lewis.

**2.** Settlements of $10,000, $2,800 and $5,800 were made to Drummond, Scire and Lewis, respectively.

**3.** Workers' Compensation Law § 32 provides that once a claimant (or a deceased claimant's dependents) and the employer or the employer's workers' compensation carrier have entered into a waiver agreement settling the claim, the Board shall approve the agreement unless it is "unfair, unconscionable, * * * improper as a matter of law[,] * * * [or] the result of an

administrative or appellate review (*see,* Workers' Compensation Law § 32 [c]). The letters, nevertheless, also addressed and rejected the disability carrier's arguments concerning its entitlement to a lien under Workers' Compensation Law § 206. The disability carrier now appeals from each of the letters rejecting its applications for Board review and this Court has combined the appeals for common resolution.

Under the legislative scheme as interpreted by the Board's counsel, a disability carrier has neither standing to object to a waiver agreement nor the right to a lien against the proceeds of such an agreement, leaving it in the unenviable position of potentially losing its statutory right to reimbursement whenever a claimant and an employer or its workers' compensation carrier enter into a waiver agreement. Nevertheless, we are constrained to dismiss the instant appeals, leaving the disability carrier to seek relief in some other form, such as an action for a declaratory judgment.

This Court's authority to hear appeals from Board decisions flows exclusively from Workers' Compensation Law § 23, which provides an appeal from "[a]n award or decision of the Board." Here, the letters refusing to entertain the requests for Board review, from which the disability carrier purports to now appeal, are not Board decisions. They are neither signed by Board members nor captioned as Board decisions. Furthermore, applications for Board review are considered by a panel of at least three Board members (*see,* Workers' Compensation Law § 142 [2]; *Matter of Greene v Sproat,* 18 AD2d 420, 421-422, *lv denied* 13 NY2d 596) and, here, neither the letters nor anything in the record indicates that any determination was so rendered (*cf., Matter of Greene v Sproat, supra* at 422). Thus, the letters rejecting the disability carriers' applications are not appealable to this Court.

We hold, moreover, that the Board's failure to issue decisions in response to the disability carrier's applications did not deprive the disability carrier of its opportunity to appeal because no appeal would have been possible even if the Board had rendered decisions or the disability carrier had taken timely appeals from the underlying Board decisions approving the waiver agreements. The right to apply for both administrative and appellate review pursuant to Workers' Compensation Law § 23 is expressly limited when, as here, a claimant (or a

---

intentional misrepresentation of material fact * * * or * * * *within ten days of submitting the agreement one of the interested parties requests that the board disapprove the agreement"* (Workers' Compensation Law § 32 [b] [emphasis supplied]).

deceased claimant's dependents) and the employer or its workers' compensation carrier enter into a waiver agreement and that agreement is approved by the Board. Under such circumstances, Workers' Compensation Law § 32 explicitly provides that "[a] decision duly filed and served approving an agreement submitted to the board *shall not be subject to review pursuant to [Workers' Compensation Law § 23]*" (Workers' Compensation Law § 32 [c] [emphasis supplied]; *see*, 12 NYCRR 300.36 [f]). Accordingly, neither the Board nor this Court may review a waiver agreement once it has been approved.

Crew III, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the appeals are dismissed, without costs.