*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 3, 2015                    519430
_____

In the Matter of the Claim of
    KAREN SPARKES,
                    Respondent,

        v

HOLY FAMILY CHURCH,                      MEMORANDUM AND ORDER
                    Appellant.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:   October 14, 2015

Before:  Lahtinen, J.P., McCarthy, Lynch and Devine, JJ.

                        _____


        Wolff, Goodrich & Goldman, LLP, Syracuse (Robert E. Geyer
Jr. of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, New York City
(Marjorie S. Leff of counsel), for Workers' Compensation Board,
respondent.

                        _____


Lynch, J.

        Appeals (1) from a decision of the Workers' Compensation
Board, filed September 26, 2013, which ruled that claimant's
right hip condition was causally related to her established
claim, and (2) from a decision of said Board, filed March 4,
2014, which denied the employer's application for reconsideration
and/or full Board review.

        In April 2008, claimant, a school teacher, suffered a work-
related injury to her right hip and was awarded workers'

compensation benefits.  She returned to work shortly thereafter and continued medical treatment until June 2008.  Claimant sought medical treatment again in January 2012, complaining of persistent pain in her right hip.  She thereafter filed a claim for medical treatment causally related to the 2008 injury.  Following hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant's medical treatment was causally related to her established claim.  Upon review, the Workers' Compensation Board affirmed.  The employer's subsequent request for reconsideration and/or full Board review was denied and these appeals ensued.

We agree with the employer that the Board erred in finding that the deposition testimony of Daniel Carr, the employer's medical expert, was inadmissible.  The WCLJ had directed the parties to submit deposition testimony of both Carr and Stephen Bogosian, claimant's treating physician (see Workers' Compensation Law §§ 121, 142 [3] [b]).  Claimant's counsel failed to appear at Carr's deposition on its scheduled date and the employer's counsel proceeded with the deposition.  In correspondence to the Board shortly thereafter, claimant's counsel waived the right to cross-examine Carr and raised no objection.  Insofar as either party may present witnesses in compensation proceedings (see Matter of Emanatian v Saratoga Springs Cent. School Dist., 8 AD3d 773, 774 [2004]; 110 NY Jur 2d, Workers' Compensation § 662), we find no support for the Board's conclusion that Carr's deposition testimony was inadmissible.  That said, the WCLJ expressly considered the testimony of both Bogosian and Carr and found Bogosian's testimony establishing a causal relationship between claimant's 2008 hip injury and her continuing symptoms more convincing.  Notwithstanding the Board's erroneous assessment as to the admissibility of Carr's deposition testimony, the Board reviewed Carr's opinion in its decision and expressly adopted the findings of the WCLJ, noting that the WCLJ found Bogosian to be "more credible."  Since the weight to be accorded conflicting medical opinions falls within the province of the Board, we conclude that the Board's decision is supported by substantial evidence and should be affirmed (see Matter of Camby v System Frgt., Inc., 105 AD3d 1237, 1238 [2013]).

Nor do we perceive any due process violation, as the employer claims, arising out of the fact that its application for reconsideration and/or full Board review was denied by the same three Board members who issued the September 26, 2013 Board decision.  An application for full Board review must be considered by at least three memebers and may not be decided by the chair alone (see Workers' Compensation Law §§ 23, 142 [2]; Matter of Scalo v C.D. Perry & Sons, Inc., 112 AD3d 1077 [2013]). There is no requirement that the three members must be different than the members who issued the underlying decision.

Lahtinen, J.P., McCarthy and Devine, JJ., concur.

ORDERED that the decisions are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court