Matter of Sidiropoulos v Nassau Intercounty Express (2019 NY Slip Op 09077)





Matter of Sidiropoulos v Nassau Intercounty Express


2019 NY Slip Op 09077


Decided on December 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 19, 2019

528808

[*1]In the Matter of the Claim of Nick Sidiropoulos, Claimant,
v
Nassau Intercounty Express et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: November 19, 2019

Before: Egan Jr., J.P., Lynch, Clark and Pritzker, JJ.


Goldberg Segalla LLP, Buffalo (Cory A. DeCresenza of counsel), for appellants.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for respondent.



Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed September 11, 2018, which ruled that claimant did not violate Workers' Compensation Law § 114-a.
Claimant, a bus driver, was injured in a slip and fall on a bus in June 2014. He has established injuries to his knees and back and received ongoing treatment and awards for lost wages. In September 2016, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) raised the issue of whether claimant had violated Workers' Compensation Law § 114-a and disclosed that it had surveillance videotapes. Lengthy hearings were held, at which testimony was taken from claimant, Robert Garroway (claimant's treating orthopedic surgeon), the investigators who recorded the videotapes and prepared reports, and the carrier's doctors who conducted independent medical examinations and prepared reports after viewing the videotapes. A Workers' Compensation Law Judge found that claimant did not violate Workers' Compensation Law § 114-a and, on administrative review, the Workers' Compensation Board upheld that determination. The carrier appeals.
We affirm. Workers' Compensation Law § 114-a (1) provides that a claimant who, for the purpose of obtaining disability compensation, or to influence any determination related to the payment thereof, "knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation" (see Matter of Galeano v International Shoppes, 171 AD3d 1416, 1417-1418 [2019]). For purposes of Workers' Compensation Law § 114-a (1), a fact is material "so long as it is significant or essential to the issue or matter at hand" (Matter of Losurdo v Asbestos Free, Inc., 1 NY3d 258, 265 [2003] [internal quotation marks and citation omitted]), and "an omission of material information may constitute a knowing false statement or misrepresentation" (Matter of Galeano v International Shoppes, 171 AD3d at 1418 [internal quotation marks and citation omitted]). Importantly, "[w]hether a claimant has violated Workers' Compensation Law
§ 114-a is within the province of the Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed if supported by substantial evidence" (Matter of Rosario v Consolidated Edison Co. of N.Y. Inc., 174 AD3d 1186, 1187 [2019] [internal quotation marks and citation omitted]).
In concluding that claimant had not violated Workers' Compensation Law § 114-a, the Board reviewed the surveillance videotapes, which spanned from December 2015 through August 2016, and credited the testimony of claimant's treating orthopedist, Garroway. The videotapes and reports reflect that, over a nine-month period, claimant was observed walking, driving, sitting, in a swimming pool, going to the beach, carrying bags of unknown weight, shopping, playing tennis on several occasions, and going to stores. Garroway testified that he began treating claimant for back and knee pain in April 2016, having seen him most recently in March 2017, and found that he was permanently disabled from performing his job as a bus driver. Garroway concluded that claimant was capable of performing some type of sedentary work with breaks, which might produce pain, provided he were not required to walk or drive for extended periods of time. Based upon his examinations, Garroway opined that claimant was able to walk and bend with some limitations, that use of a pool would be therapeutic for his conditions, and that claimant should be capable of playing "a limited amount of tennis" depending upon the symptoms he might experience; while tennis could cause pain, claimant was nonetheless capable of engaging in this activity. Garroway testified that he had reviewed the surveillance reports and that, although they reflected that claimant could do "a little more" than what he had expected, the described activities in which claimant engaged, including playing tennis for an hour or more on more than one occasion, were consistent with the functional limitations and pain that claimant had reported. To the extent that the carrier faults Garroway for not viewing the videotapes or asking claimant about his specific activities until after the videotapes were disclosed, these matters were fully explored on cross-examination, and it was for the Board to determine what weight to accord these factors [FN1] (see Matter of Rosario v Consolidated Edison Co. of N.Y. Inc., 174 AD3d at 1187; Matter of Cruz v Buffalo Bd. of Educ., 138 AD3d 1316, 1318 [2016]).
Although the carrier relied on differing medical testimony and reports detailing its doctors' findings that claimant had not accurately represented his capabilities, which, if credited, could have supported a contrary result, "the weight to be accorded conflicting medical opinions falls within the province of the Board" (Matter of Sparkes v Holy Family Church, 134 AD3d 1188, 1189 [2015]). Upon our review of the record, we find that substantial evidence supports the Board's conclusion that, although claimant may have "downplayed his abilities" to one of the carrier's doctors, he did not intentionally mispresent material facts in violation of Workers' Compensation Law § 114-a (see Matter of Rosario v Consolidated Edison Co. of N.Y. Inc., 174 AD3d at 1188; Matter of Permenter v WRS Envtl. Servs. Inc., 172 AD3d 1837, 1839 [2019]).
Egan Jr., J.P., Lynch and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: The carrier did not contend that the investigators' detailed reports — which Garroway reviewed — did not accurately represent the activities in which claimant was engaged on the videotapes.