Matter of Medina v American Maintenance Inc. (2024 NY Slip Op 02239)

Matter of Medina v American Maintenance Inc.

2024 NY Slip Op 02239

Decided on April 25, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 25, 2024

CV-23-0370
[*1]In the Matter of the Claim of Delmi Medina, Appellant,
v
American Maintenance Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:March 25, 2024

Before:Egan Jr., J.P., Lynch, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Klee, Woolf, Goldman & Filpi, LLP, Mineola (Sarah L. Baia of counsel), for appellant.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for Workers' Compensation Board, respondent.

Lynch, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed November 22, 2022, which ruled that claimant did not give timely notice of injury and denied her claim for workers' compensation benefits, and (2) from a decision of said Board, filed March 15, 2023, which denied claimant's application for reconsideration and/or full Board review.
In February 2022, claimant, a housekeeper, filed a claim for workers' compensation benefits alleging that, in February 2021, she sustained work-related injuries to her back and bilateral knees. The claim was controverted and, following a hearing, ultimately established by a Workers' Compensation Law Judge (hereinafter the WCLJ) for a work-related injury to the back and both knees. The employer and its workers' compensation carrier sought administrative review, contending, among other things, that claimant had not provided timely written notice of the accident within 30 days of its occurrence as required by Workers' Compensation Law § 18. Upon conducting its administrative review, the Workers' Compensation Board, in a November 2022 Board Panel Decision, reversed the decision of the WCLJ. The Board found that claimant did not provide written notice of the work-related accident within the requisite 30-day period and that she failed to provide a sufficient reason warranting excusal by the Board for the delay. Claimant 's ensuing application for reconsideration and/or full Board review was denied by the Board in a March 2023 notice of decision. Claimant appeals.
As an initial matter, although claimant filed notices of appeal from each of the Board's decisions, the substantive arguments in her brief relate only to the Board's March 2023 decision denying her request for reconsideration and/or full Board review. Consequently, claimant has abandoned any challenge to the underlying November 2022 Board decision finding that she failed to provide timely notice of the work-related accident (see Matter of Fiato v New York State Dept. of Transp., 195 AD3d 1251, 1252 n 1 [3d Dept 2021], lv denied 37 NY3d 917 [2022]; Matter of Turner v Graphic Paper Inc., 151 AD3d 1127, 1128 n [3d Dept 2017], lv denied 37 NY3d 917 [2022]; Matter of Scalo v C.D. Perry & Sons, Inc., 129 AD3d 1431, 1432 [3d Dept 2015]). Our inquiry is therefore limited to whether the Board abused its discretion or acted in an arbitrary or capricious manner in denying claimant's application for reconsideration and/or full Board review (see Matter of Bidot v Suffolk County Probation Dept., 205 AD3d 1280, 1281 [3d Dept 2022]; Matter of Petre v Allied Devices Corp., 191 AD3d 1086, 1088 [3d Dept 2021], lv dismissed 37 NY3d 938 [2021]). "In order to meet that standard, the record must show that the Board failed to address all relevant issues or failed to consider evidence that was not previously available" (Matter of Gorbea v Verizon N.Y. Inc., 199 AD3d 1253, 1254 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]).
As we have previously [*2]recognized, "[a]pplications for Board review are to be considered by a panel of at least three members and may not be decided by the chair, or any other single member of the Board, alone" (Matter of Scalo v C.D. Perry & Sons, Inc., 112 AD3d 1077, 1077 [3d Dept 2013]; see Workers' Compensation Law §§ 23, 142 [2]; Matter of Drummond v Desmond, 295 AD2d 711, 713 [3d Dept 2002], lv denied 98 NY2d 615 [2002]; Matter of Greene v Sproat, 18 AD2d 420, 421-422 [1963], lv denied 13 NY2d 596 [1963]). We have also held that "[t]here is no requirement that the three members must be different than the members who issued the underlying decision" (Matter of Sparkes v Holy Family Church, 134 AD3d 1188, 1189 [3d Dept 2015]). Accordingly, and contrary to claimant's contention, we find no violation of claimant's due process rights where, as here, the same three Board panel members who issued the November 2022 Board panel decision also issued the decision denying the instant application for reconsideration and/or full Board review (compare Matter of Sparkes v Holy Family Church, 134 AD3d at 1189, with Matter of Scalo v C.D. Perry & Sons, Inc., 112 AD3d at 1077). Finally, we are unpersuaded that the Board failed to consider the evidence and issues properly before it, and we therefore conclude that the Board's denial of claimant's application for reconsideration and/or full Board review was neither arbitrary and capricious nor an abuse of discretion (see Matter of Lopez v Platoon Constr., Inc., 212 AD3d 953, 954-955 [3d Dept 2023]; Matter of Petre v Allied Devices Corp., 191 AD3d at 1088).
Egan Jr., J.P., Reynolds Fitzgerald, Ceresia and Powers, JJ., concur.
ORDERED that the decisions are affirmed, without costs.