■ In the Matter of the Claim of ARCOLINO R. TURNER, Appellant, v GRAPHIC PAPER INC. et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. (And Another Related Claim.) [55 NYS3d 805]—

Aarons, J. Appeals (1) from a decision of the Workers' Compensation Board, filed January 12, 2016, which, among other things, found that claimant failed to specify issues or grounds for review, and (2) from a decision of said Board, filed February 3, 2016, which granted a request by the workers' compensation carrier to reopen claimant's workers' compensation claim, and (3) from a decision of said Board, filed March 30, 2016, which denied claimant's request for reconsideration and/or full Board review.

Claimant, a truck driver, sustained work-related injuries in November 2009, February 2011, August 2011 and January 2012, and his claims were established. Ultimately, a Workers' Compensation Law Judge (hereinafter WCLJ) classified claimant with a permanent partial disability, found a 66.7% loss of wage-earning capacity and apportioned liability equally between the February 2011 and January 2012 injuries. During a May 2015 hearing before a WCLJ, claimant raised the issue of nonpayment of workers' compensation benefits awarded in a March 2015 decision and requested reimbursement for certain medical and transportation expenses. In a June 2015 decision

regarding the February 2011 injury, the WCLJ resolved an April 18, 2012 C-8.1 disputed medical bill in favor of the health care provider, resolved other C-8.1 disputed medical bills in favor of the workers' compensation carrier and found that all other issues were resolved on prior findings and awards.

In a second June 2015 decision regarding the January 2012 injury, the WCLJ resolved C-8.1 disputed medical bills in favor of the workers' compensation carrier and directed it to serve, within 30 days, a written response to claimant's December 27, 2013 request for reimbursement for medical and travel expenses. Upon administrative review of those decisions, the Board found in a January 2016 decision that claimant's applications for review failed to specify issues or grounds for review pursuant to 12 NYCRR former 300.13 (a) and noted that the WCLJ properly directed the workers' compensation carrier to serve a written response to claimant's December 2013 request for reimbursement for medical and travel expenses. The Board also found that, to the extent that claimant raised an issue regarding counsel fees, no such award was made by the WCLJ at the May 2015 hearing, and the issue was not properly before the Board or untimely made. Claimant sought reconsideration and/or full Board review of the January 2016 Board decision, and, in a March 30, 2016 decision, the Board denied his request. Claimant now appeals.*

We affirm. Turning to the Board's January 2016 decision denying review of the WCLJ's June 2015 decisions, pursuant to the regulation in effect at the time, an application for Board review must be filed within 30 days of the filing of the underlying decision and "must make reference to the record below or such part thereof as is relevant to the issues and grounds raised in such application and indicate when and where they were raised before the [WCLJ]" (12 NYCRR former 300.13 [a]; see Workers' Compensation Law § 23; Matter of You Cai Zhang v Tony's Marble & Granite Supply Corp., 95 AD3d 1510, 1511 [2012]; Matter of Giancola v Eagle Elec. Mfg. Co., Inc., 13 AD3d 824, 825 [2004], lv dismissed 5 NY3d 783 [2005]). The Board may deny the application for review in cases where, among other things, "the application failed to specify issues or grounds

* With regard to claimant's appeals from the February 3, 2016 decision of the Board granting the workers' compensation carrier's request to reopen claimant's workers' compensation claims and from the March 30, 2016 decision of the Board denying his request for reconsideration and/or full Board review, as he fails to address these decisions in his brief or raise any arguments thereto, we deem these appeals abandoned (see Matter of Flores v Newstar Apparel, 69 AD3d 986, 987 [2010]; Matter of Lombardi v Brooklyn Union Gas Co., 306 AD2d 704, 706-707 [2003]).

for review" (12 NYCRR former 300.13 [e] [1] [ii]; *see Matter of Priola v Andrews Staffing*, 305 AD2d 900, 900 [2003]).

Here, although claimant's June 5, 2015 applications for Board review were timely filed, to the extent that he challenges previous findings of classification, the rate of payment, apportionment and loss of wage-earning capacity, those matters were previously adjudicated by the Board in March 2014 and, therefore, not timely raised by claimant in his June 2015 applications for Board review (*see* Workers' Compensation Law § 23; 12 NYCRR former 300.13 [a]). Inasmuch as claimant contends that certain medical and travel expenses that he requested reimbursement for have not been audited and paid, he has failed to address or raise any issue regarding the workers' compensation carrier's June 3, 2015 response to his request in which it indicated which expenses were paid and explained why some expenses were not paid. In addition, while claimant raises an issue in his July 10, 2015 supplemental application for Board review regarding the proper amount of counsel fees owed, his supplemental application was not filed within the required 30 days of the WCLJ's June 2, 2015 notice of decision (*see* Workers' Compensation Law § 23; 12 NYCRR former 300.13 [a]; *see also* 12 NYCRR 300.13 [b] [4] [ii]). Nor were any counsel fee awards made at the May 2015 hearing before the WCLJ or in the ensuing June 2015 decisions of the WCLJ. Accordingly, under the circumstances presented here, we find no reason to disturb the January 2016 decision of the Board (*see* 12 NYCRR former 300.13 [a]). Claimant's remaining arguments, to the extent that they are properly before us, have been considered and found to be without merit.

Garry, J.P., Egan Jr., Lynch and Clark, JJ., concur. Ordered that the decisions are affirmed, without costs.