McCarthy, J.
 

 Appeal from a decision of the Workers’ Compensation Board, filed June 10, 2016, which, among other things, ruled that the self-insured employer’s application for review failed to comply with 12 NYCRR former 300.13 (a).
 

 Claimant, a police officer, was injured when he jumped over a fence while chasing a fleeing suspect. He filed a claim for workers’ compensation benefits, and his case was established for injuries to his right knee, right ankle and back. Thereafter, hearings were conducted before a Workers’ Compensation Law Judge (hereinafter WCLJ) on the issue of permanency. The WCLJ issued a reserved decision finding that claimant had a 15% schedule loss of use (hereinafter SLU) of his right foot and a 15% SLU of his right leg. The case was continued and the WCLJ issued a subsequent decision, filed January 22, 2016, implementing awards for claimant’s 15% SLU of his right foot and right leg. By letter dated February 5, 2016, the self-insured employer notified the Workers’ Compensation Board that it was seeking review of this decision. On March 1, 2016, the self-insured employer submitted an RB-89 cover sheet supplementing its request for review. Finding that the application was both defective and untimely, the Board denied it and ruled that the WCLJ’s January 22, 2016 decision remained in effect. The self-insured employer now appeals.
 

 “A party seeking review of a WCLJ’s decision is required to file an application for review with the Board within 30 days of the filing of the decision” (Matter of D’Addio v Peter Annis, Inc., 105 AD3d 1113, 1114 [2013] [internal quotation marks and citations omitted]; see Workers’ Compensation Law § 23; 12 NYCRR former 300.13 [a]; see also Matter of Turner v Graphic Paper Inc., 151 AD3d 1127, 1128 [2017]). In addition, the regulations in effect at the time of the self-insured employer’s application provided that the application “shall be in writing and shall be accompanied by a cover sheet form prescribed by the chair” (12 NYCRR former 300.13 [a]; see Matter of You Cai Zhang v Tony’s Marble & Granite Supply Corp., 95 AD3d 1510, 1510-1511 [2012]). The regulations further required the applicant to file with the Board proof of service of the application upon all other parties in interest (see 12 NYCRR former 300.13 [a]; see also Matter of Levine v Health First [HF Mgt. Servs. LLC], 147 AD3d 1193, 1194 [2017]; Matter of Harrell v Blue Diamond Sheet Metal, 146 AD3d 1189, 1190 [2017], lv denied 29 NY3d 911 [2017]).
 

 Here, although the self-insured employer submitted its February 5, 2016 request for Board review within 30 days of the filing of the WCLJ’s January 22, 2016 decision, it was not in the form required by the Board as it did not contain the RB-89 cover sheet. By the time that the self-insured employer attempted to cure this defect and complete the application by filing the appropriate form on March 1, 2016, the 30-day period had expired. Thus, the application was both defective and untimely, and the Board did not abuse its discretion in refusing to consider it (see generally Matter of D’Addio v Peter Annis, Inc., 105 AD3d at 1114; Matter of You Cai Zhang v Tony’s Marble & Granite Supply Corp., 95 AD3d at 1511). Furthermore, there is no evidence in the record that the self-insured employer complied with the proof of service requirements of 12 NYCRR former 300.13 (a) when it made its initial application or when it supplemented that application by filing the RB-89 cover sheet. This significant deficiency provides yet another basis for the denial (see Matter of Levine v Health First [HF Mgt. Servs. LLC], 147 AD3d at 1194-1195; Matter of Harrell v Blue Diamond Sheet Metal, 146 AD3d at 1190). In view of the foregoing, we find no reason to disturb the Board’s decision.
 

 Peters, P.J., Rose, Mulvey and Rumsey, JJ., concur.
 

 Ordered that the decision is affirmed, without costs.