Matter of Johnson v All Town Cent. Transp. Corp. (2018 NY Slip Op 07226)





Matter of Johnson v All Town Cent. Transp. Corp.


2018 NY Slip Op 07226


Decided on October 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 25, 2018

526315

[*1]In the Matter of the Claim of GENE JOHNSON, Appellant,
v
ALL TOWN CENTRAL TRANSPORTATION CORP. et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: September 7, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.


Caruso, Spillane, Leighton, Contrastano, Savino & Smollar, PC, New York City (David Sanua of counsel), for appellant.
Weiss, Wexler & Wornow, New York City (Andrea Catalano of counsel), for All Town Central Transportation Corp. and another, respondents.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a decision of the Workers' Compensation Board, filed April 24, 2017, which ruled that claimant failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge.
Claimant, a bus driver, was injured in July 2015 when his vehicle was struck from behind while he was stopped at a red light. He filed a claim for workers' compensation benefits, and his claim was established for injuries to his neck, back and right ankle. Thereafter, the employer and its workers' compensation carrier sought suspension of benefits, and a Workers' Compensation Law Judge (hereinafter WCLJ), among other things, directed the parties to produce deposition transcripts of the medical witnesses on the issue of degree of disability. Following those depositions, the WCLJ found in a November 23, 2016 reserved decision that claimant had no further causally-related disability. On December 8, 2016, claimant's counsel submitted an RB-89 cover sheet and application for review by the Workers' Compensation Board. Finding that the application for Board review was defective, the Board denied it and ruled that the WCLJ's November 2016 decision remained in effect. Claimant now appeals, and we reverse.
A party seeking review of a WCLJ's decision must file an application for Board review with the Board within 30 days of the filing of said decision (see Workers' Compensation Law § 23; 12 NYCRR 300.13 [b] [3] [i]; Matter of Turner v Graphic Paper Inc., 151 AD3d 1127, 1128 [2017]). Notably, the Board "may adopt reasonable rules consistent with and supplemental to the provisions of [the Workers' Compensation Law]," and the Chair of the Board "may make [*2]reasonable regulations consistent with the provisions of [the Workers' Compensation Law]" (Workers' Compensation Law § 117 [1]; see Matter of Liberius v New York City Health & Hosps. Corp., 129 AD3d 1170, 1173 [2015]). As relevant here, the Board's regulations provide that "an application to the Board for administrative review of a decision by a [WCLJ] shall be in the format as prescribed by the Chair [of the Board]" (12 NYCRR 300.13 [b] [1]; see 12 NYCRR 300.13 [a] [3]; [b] [3] [iii]). Where a party who is represented by counsel fails to comply with the formatting, completion and service submission requirements set forth by the Board, the Board may, in its discretion, deny an application for review (see 12 NYCRR 300.13 [b] [4] [i]).
Here, the Chair of the Board has designated forms RB-89, Application for Board Review, and RB-89.1, Rebuttal of Application for Board Review, as the prescribed format for applications and rebuttals (see Employer: Leuner Inc., 2018 WL1748429, *2, 2018 NY Wrk Comp LEXIS 1950, *3 [WCB No. 3070 1043, Mar. 2, 2018]). On September 29, 2016, the Chair of the Board issued a bulletin, Subject Number 046-878, advising parties seeking Board review that they must use a revised RB-89 form, that "[a]fter December 1, 2016, the Board will only accept the modified form[]" and that any applications for Board review "using the old [RB-89] form . . . will be denied." The record reflects, and the parties do not dispute, that claimant, who was represented by counsel, applied for Board review using the old RB-89 form on December 8, 2016 — five business days after the deadline for using the revised RB-89 form went into effect. Claimant's application was otherwise filed in a timely manner (see 12 NYCRR 300.13 [b] [3] [i]). On appeal, the employer and its carrier do not take issue with claimant's assertion that the revised RB-89 form did not require any new or additional substantive information that was not already provided for in the old RB-89 form, and there has been absolutely no demonstration of prejudice by the employer, its carrier or the Board as a result of the filing of the old RB-89 form by claimant's counsel [FN1]. Accordingly, under the circumstances presented here, we find that the Board should have exercised its discretion and accepted claimant's application for Board review (see 12 NYCRR 300.13 [b] [4] [i]; compare Matter of Levine v Incorporated Vil. of Freeport, 154 AD3d 1044, 1045-1046 [2017]).
Garry, P.J., McCarthy, Lynch and Devine, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: We find it significant that the Attorney General has decided not to file a responding brief on behalf of the Board.