Matter of Waufle v Chittenden (2018 NY Slip Op 08404)





Matter of Waufle v Chittenden


2018 NY Slip Op 08404


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 6, 2018

526587

[*1]In the Matter of the Claim of BERNARD J. WAUFLE, Respondent,
v
ROBERT CHITTENDEN, Appellant, and ESIS, INC., Respondent, et al., Respondent. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: October 12, 2018

Before: Garry, P.J., Devine, Clark, Aarons and Pritzker, JJ.


Felt Evans, LLP, Clinton (Jay G. Williams III of counsel), for appellant.
Martin, Harding & Mazzotti, LLP, Albany (Crystal A. Watts of counsel), for Bernard J. Waufle, respondent.
Goldberg Segalla, LLP, Buffalo (Cory A. DeCresenza of counsel), for ESIS, Inc., respondent.
Barbara D. Underwood, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed July 14, 2017, which, among other things, denied applications by Robert Chittenden to review a decision by the Workers' Compensation Law Judge for failure to comply with 12 NYCRR 300.13 (b).
Claimant, a route merchandiser who delivered and stocked bread products, filed an amended claim for workers' compensation benefits alleging that he was injured during the course of his employment for Robert Chittenden, a distributor who was an independent contractor responsible for delivering baked goods and bread products for Bimbo Bakeries USA, Inc. According to claimant, he sustained injuries to his left leg and foot when a customer driving an electric cart struck him and pinned his left leg and foot against a shelving rack. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found, in a December 1, 2016 decision, that, among other things, an employer-employee relationship existed between claimant [*2]and Chittenden and established the claim [FN1]. On December 29, 2016, Chittenden's counsel sought Workers' Compensation Board review by submitting an incorrect RB-89.2 cover sheet and "Application for Reconsideration/Full Board Review." On January 11, 2017, Chittenden attempted to cure the defective filing by submitting an application for review using the proper form. Finding that the original application was defective because it did not utilize the proper Board-designated form and that the subsequent submission was untimely, the Board denied consideration of Chittenden's applications. Upon review of the issues raised by the Uninsured Employers' Fund, which also sought review of the WCLJ's decision, the Board affirmed the decision of the WCLJ. Chittenden appeals.
We affirm. In addition to the requirement that a party seeking review of a WCLJ's decision file an application for review with the Board within 30 days of the filing of said decision (see 12 NYCRR 300.13 [b] [3] [i]; Matter of Levine v Incorporated Vil. of Freeport, 154 AD3d 1044, 1045 [2017]), the Board's regulations provide that "an application to the Board for administrative review of a decision by a [WCLJ] shall be in the format as prescribed by the Chair [of the Board]" (12 NYCRR 300.13 [b] [1]; see Matter of Levine v Incorporated Vil. of Freeport, 154 AD3d at 1045; see also 12 NYCRR 300.13 [a] [3]; [b] [3] [iii]; Employer: Feher Rubbish Removal, 2018 WL 3203290, *2, 2018 NY Wrk Comp LEXIS 5738, *3-4 [WCB No. 6040 1515, June 26, 2018]). The Chair of the Board has designated forms RB-89, Application for Board Review, and RB-89.1, Rebuttal of Application for Board Review, as the prescribed format for applications and rebuttals (see Employer: Leuner Inc., 2018 WL 1748429, *2, 2018 NY Wrk Comp LEXIS 1950, *3 [WCB No. 3070 1043, Mar. 2, 2018])[FN2]. In this regard, the Board may deny an application for review where the party seeking review, "other than a claimant who is not represented, does not comply with prescribed formatting, completion and service submission requirements" (12 NYCRR 300.13 [b] [4] [i]; see Employer: Wegmans, 2017 WL 4704594, *1, 2017 NY Wrk Comp LEXIS 12095, *3 [WCB No. G073 5662, Oct. 4, 2017]).
The record reflects, and the parties do not dispute, that Chittenden, who was represented by counsel, filed an incorrect RB-89.2 "Application for Reconsideration/Full Board Review" form on December 29, 2016 — nearly one month after the deadline for using the revised RB-89 form went into effect. As the application was clearly defective, the Board did not abuse its broad discretion in refusing to consider it (see 12 NYCRR 300.13 [b] [4] [i]; Matter of Levine v Incorporated Vil. of Freeport, 154 AD3d at 1045-1046; cf. Matter of Levine v Health First [HF Mgt. Servs. LLC], 147 AD3d 1193, 1194-1195 [2017]; compare Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1575 [2018])[FN3]. Further, we reject Chittenden's related argument that the Board should have exercised its broad discretion to consider his untimely January 2017 application for review using the proper RB-89 form (see 12 NYCRR 300.30; Matter of You Cai Zhang v Tony's Marble & Granite Supply Corp., 95 AD3d 1510, 1510-1511 [2012]; Matter of Giancola v Eagle Elec. Mfg. Co., Inc., 13 AD3d 824, 825 [2004], lv dismissed 5 NY3d 783 [2005]; Matter of Priola v Andrews Staffing, 305 AD2d 900, 901-902 [2003]), as "the Board's exercise of such power is an inherently discretionary act" (Matter of D'Addio v Peter Annis, Inc., 105 AD3d 1113, 1114-1115 [2013]; see 12 NYCRR 300.13 [b] [4] [ii]; Matter of Szokalski v A-Val Architectural Metal Corp., 156 AD3d 1276, 1276 [2017]; Matter of You Cai Zhang v Tony's Marble & Granite Supply Corp., 95 AD3d at 1511). Accordingly, in view of the foregoing, we find no basis upon which to disturb the Board's decision.
Garry, P.J., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: The WCLJ also found that, on the date of the accident, Chittenden was uninsured and therefore in violation of Workers' Compensation Law § 50.

Footnote 2: On September 29, 2016, the Chair of the Board issued a bulletin, Subject No. 046-878, advising parties seeking Board review that they must use a revised RB-89 form and that, "[a]fter December 1, 2016, the Board will only accept the modified form[]." The bulletin further cautions that any applications for Board review "using the old [RB-89] form . . . are not in the prescribed format and will be denied."

Footnote 3: We note that the Attorney General has filed a responding brief on behalf of the Board, expressly taking the position that the Board's refusal to consider Chittenden's defective application was a proper exercise of its broad discretion (compare Matter of Johnson v All Town Cent. Transp., Corp., 165 AD3d at 1575 n).