Matter of Jones v Human Resources Admin. (2019 NY Slip Op 05365)





Matter of Jones v Human Resources Admin.


2019 NY Slip Op 05365


Decided on July 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 3, 2019

527432

[*1]In the Matter of the Claim of LAVERNE JONES, Appellant,
v
HUMAN RESOURCES ADMINISTRATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: May 1, 2019

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Rumsey, JJ.


Grey & Grey, LLP, Framingham (Robert E. Grey of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York City (John Cording of counsel), for Human Resources Administration and another, respondents.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a decision of the Workers' Compensation Board, filed January 9, 2018, which ruled that claimant failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge.
In March 2016, claimant, a fraud investigator for the City of New York, sustained work-related injuries when she jumped from a stopped elevator into the arms of a firefighter. Claimant's subsequent claim for workers' compensation benefits was established for a work-related injury to her right knee and amended to include consequential adjustment disorder. Following depositions and a hearing on the issue of whether the claim should be further amended to include consequential injuries to claimant's back, left knee and right ankle, a Workers' Compensation Law Judge (hereinafter WCLJ) found, in a June 2017 decision, that the additional alleged consequential injuries were not causally related to claimant's established right knee injury and, therefore, disallowed the claim for consequential sites of injury. On July 21, 2017, claimant's counsel filed an application for review (form RB-89) seeking review of the WCLJ's June 2017 decision by the Workers' Compensation Board. Upon administrative review, the Board found that the application for Board review was defective because it was not filled out completely and, therefore, denied claimant's application. Claimant appeals.
Claimant principally argues that the Board abused its discretion in denying her application for Board review based upon her failure to comply with the rules governing the content of such applications that require the application to be filled out completely. We do not agree. As an initial matter, "the Board 'may adopt reasonable rules consistent with and [*2]supplemental to the provisions of [the Workers' Compensation Law],' and the Chair of the Board 'may make reasonable regulations consistent with the provisions of [the Workers' Compensation Law]'" (Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1574 [2018], quoting Workers' Compensation Law § 117 [1]; see Matter of Liberius v New York City Health & Hosps. Corp., 129 AD3d 1170, 1173 [2015]). Such is the case here, where the Board's regulations provide that "an application to the Board for administrative review of a decision by a [WCLJ] shall be in the format as prescribed by the Chair [of the Board]" (12 NYCRR 300.13 [b] [1]; see 12 NYCRR 300.13 [b] [3] [iii]; Matter of Waufle v Chittenden, 167 AD3d 1135, 1136 [2018]; Matter of Levine v Incorporated Vil. of Freeport, 154 AD3d 1044, 1045 [2017]) and "must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Employer: Willow Press/Stabbe Senter Pre, 2019 WL 1314228, *2, 2019 NY Wrk Comp LEXIS 2977, *5 [WCB No. G152 6573, Mar. 19, 2019]; Employer: Randolph Academy, 2019 WL 1314211, *2, 2019 NY Wrk Comp LEXIS 2960, *3 [WCB No. G060 7107, Mar. 19, 2019]). In this regard, the Chair of the Board has prescribed that completion of an application for Board review means that "each section or item of [the application or rebuttal] is completed in its entirety pursuant to the instructions for each form" and that a form is not filled out completely "when a party responds to sections or items on the form merely by referring to the attached legal brief or other documentation without further explanation" (Workers' Comp Bd Release Subject No. 046-940; see Employer: All American School Bus Corp., 2019 WL 496431, *2, 2019 NY Wrk Comp LEXIS 1246, *3 [WCB No. G206 1848, Feb. 1, 2019]; Employer: Waterfront Center for Rehab AN, 2019 WL 496387, *2, 2019 NY Wrk Comp LEXIS 1202, *4 [WCB No. G094 3597, Feb. 1, 2019]; see also 12 NYCRR 300.13 [b] [3] [iii]). The Board may deny an application for review where the party seeking review, other than a claimant who is not represented by counsel, fails to fill out completely the application or otherwise fails to "comply with prescribed formatting, completion and service submission requirements" (12 NYCRR 300.13 [b] [4] [i]; see Matter of Waufle v Chittenden, 167 AD3d at 1136; Employer: All American School Bus Corp., 2019 WL 496431 at *2, 2019 NY Wrk Comp LEXIS 1246 at *3; Employer: Waterfront Center for Rehab AN, 2019 WL 496387 at *2, 2019 NY Wrk Comp LEXIS 1202 at *4; Workers' Comp Bd Release Subject No. 046-940).
The record reflects that when claimant, who was represented by counsel, filed her application for Board review (form RB-89), question number 13 on that application requested that claimant provide the "[h]earing dates, [t]ranscripts, [d]ocuments, [e]xhibits, and other evidence" that she would rely upon in her administrative appeal and advised to "see [the] instructions for details." It is not disputed that claimant's application, however, failed to provide the requested information by leaving the box for question number 13 blank. As the Board explains in its guidance document on this issue, the "RB-89 [form] is the application for review itself, and [it] is not merely a coversheet" (Workers' Comp Bd, Office of General Counsel, Guidance Document on the Proper Application of Board Rule 300.13, at 1). By requiring an applicant to completely fill out the application for Board review, "the 'completeness doctrine' assists the responding party in identifying the exact issues, grounds and evidence used in support of the application in determining the issues and crafting a timely and effective rebuttal. Having a complete application . . . also assists the Board in providing timely and effective review of the application . . . as it eliminates confusion over which evidence is involved in the application and which issues are preserved for appeal" (Workers' Comp Bd, Office of General Counsel, Guidance Document on the Proper Application of Board Rule 300.13, at 1). In our view, the Board's format requirements for applications for Board review submitted by represented claimants are reasonable given the reasons identified by the Board and were promulgated pursuant to its statutory authority and "broad regulatory powers" (Matter of Kigin v State of N.Y. Workers' Compensation Bd., 24 NY3d 459, 467 [2014]; see Workers' Compensation Law §§ 117 [1]; 141, 142; cf. Matter of Masotto v Atlantic & Pac. Tea Co., 70 AD2d 714, 714-715 [1979]). Accordingly, we find that the Board acted within its discretion in denying claimant's application for Board review, and we therefore discern no basis upon which to disturb the Board's decision (see 12 NYCRR 300.13 [b] [1], [4] [i]; Matter of Waufle v Chittenden, 167 AD3d at 1136; Employer: Willow Press/Stabbe Senter Pre, 2019 WL 1314228 at *2, 2019 NY Wrk Comp LEXIS 2977 at *5; Employer: Randolph Academy, 2019 WL 1314211 at *2, 2019 NY Wrk [*3]Comp LEXIS 2960 at *3). We have considered claimant's remaining contentions and find them to be without merit.
Egan Jr., J.P., Lynch, Devine and Aarons, JJ., concur.
ORDERED that the decision is affirmed, without costs.