Matter of Perry v Main Bros Oil Co. (2019 NY Slip Op 05827)





Matter of Perry v Main Bros Oil Co.


2019 NY Slip Op 05827


Decided on July 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 25, 2019

527583

[*1]In the Matter of the Claim of BRIAN PERRY, Appellant,
v
MAIN BROS OIL CO. et al., Respondents, WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: June 5, 2019

Before: Lynch, J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Buckley, Mendelson, Criscione & Quinn, PC, Albany (Richard J. Frontero III of counsel), for appellant.
Letitia Jones, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.



MEMORANDUM AND ORDER
Lynch, J.P.
Appeal from a decision of the Workers' Compensation Board, filed April 2, 2018, which ruled that claimant failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge.
In October 1995, claimant sustained a work-related injury to his lower back. His subsequent claim for workers' compensation benefits was established, and, in December 1997, his average weekly wage was set at $600 without prejudice. Claimant's last payment of compensation was in 1997, and the case was closed in June 2003, with liability for the claim transferred to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. In 2016, claimant sought additional compensation, and the Special Fund raised the issue of whether Workers' Compensation Law § 123 precluded an award of further indemnity benefits. Following written submissions on the applicability of Workers' Compensation Law § 123, a Workers' Compensation Law Judge (hereinafter WCLJ) found, in an August 2017 amended reserved decision, that, because the case had been truly closed and claimant failed to timely apply to reopen within the statutory time frames, Workers' Compensation Law § 123 precluded the direction of further indemnity benefits to claimant. On September 7, 2017, claimant's counsel filed an application for Board review (form RB-89) seeking review of the WCLJ's August 2017 decision. Upon administrative review, the Workers' Compensation Board found that the application for Board review was defective because it was not filled out completely and, therefore, denied claimant's application. Claimant appeals.
Claimant argues that the Board abused its discretion in denying his application for Board review based upon his failure to comply with the rules governing the content of such applications requiring the application to be filled out completely. We disagree. "[T]he Board 'may adopt reasonable rules consistent with and supplemental to the provisions of [the Workers' Compensation Law],' and the Chair of the Board 'may make reasonable regulations consistent with the provisions of [the Workers' Compensation Law]'" (Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1574 [2018], quoting Workers' Compensation Law § 117 [1]; see Matter of Liberius v New York City Health & Hosps. Corp., 129 AD3d 1170, 1173 [2015]; see also Workers' Compensation Law § 124 [1]). Such is the case here, where the Board's regulations provide that "an application to the Board for administrative review of a decision by a [WCLJ] shall be in the format as prescribed by the Chair [of the Board]" (12 NYCRR 300.13 [b] [1]; see 12 NYCRR 300.13 [b] [3] [iii]; Matter of Waufle v Chittenden, 167 AD3d 1135, 1136 [2018]; Matter of Levine v Incorporated Vil. of Freeport, 154 AD3d 1044, 1045 [2017]) and "must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Employer: Willow Press/Stabbe Senter Pre, 2019 WL 1314228, *2, 2019 NY Wrk Comp LEXIS 2977, *5 [WCB No. G152 6573, Mar. 19, 2019]; Employer: Randolph Academy, 2019 WL 1314211, *2, 2019 NY Wrk Comp LEXIS 2960, *3 [WCB No. G060 7107, Mar. 19, 2019]). In this regard, the Chair of the Board has prescribed that completion of an application for Board review means that "each section or item of [the application or rebuttal] is completed in its entirety pursuant to the instructions for each form," and that a form is not filled out completely "when a party responds to sections or items on the form merely by referring to the attached legal brief or other documentation without further explanation" (Workers' Comp Bd Release Subject No. 046-940; see Employer: All American School Bus Corp., 2019 WL 496431, *2, 2019 NY Wrk Comp LEXIS 1246, *3 [WCB No. G206 1848, Feb. 1, 2019]; Employer: Waterfront Center for Rehab AN, 2019 WL 496387, *2, 2019 NY Wrk Comp LEXIS 1202, *4 [WCB No. G094 3597, Feb. 1, 2019]; see also 12 NYCRR 300.13 [b] [3] [iii]). The Board may deny an application for review where the party seeking review, other than a claimant who is not represented by counsel, fails to fill out completely the application (12 NYCRR 300.13 [b] [4]; see Matter of Waufle v Chittenden, 167 AD3d at 1136; Employer: All American School Bus Corp., 2019 WL 496431, *2, 2019 NY Wrk Comp LEXIS 1246, *3 [WCB No. G206 1848, Feb. 1, 2019]; Employer: Waterfront Center for Rehab AN, 2019 WL 496387, *2, 2019 NY Wrk Comp LEXIS 1202, *4 [WCB No. G094 3597, Feb. 1, 2019]; Workers' Comp Bd Release Subject No. 046-940).
The record reflects that when claimant, who was represented by counsel, filed his application for Board review (form RB-89), question number 13 on that application requested that claimant provide the "[h]earing [d]ates, [t]ranscripts, [d]ocuments, [e]xhibits, and other [e]vidence" that he would rely upon in his administrative appeal and advised to "see [the] [i]nstructions for details." Claimant's application, however, failed to provide the requested information by leaving the box for question number 13 blank. As the Board explains in its guidance document on this issue, the "RB-89 [form] is the application for review itself, and [it] is not merely a coversheet" (Workers' Comp Bd, Office of General Counsel, Guidance Document on the Proper Application of Board Rule 300.13, at 1). By requiring an applicant to completely fill out the application for Board review, "the 'completeness doctrine' assists the responding party in identifying the exact issues, grounds and evidence used in support of the application in determining the issues and crafting a timely and effective rebuttal. Having a complete application . . . also assists the Board in providing timely and effective review of the application . . . as it eliminates confusion over which evidence is involved in the application and which issues are preserved for appeal" (Workers' Comp Bd, Office of General Counsel, Guidance Document on the Proper Application of Board Rule 300.13, at 1). In our view, the Board's format requirements for applications for Board review submitted by represented claimants are reasonable given the reasons identified by the Board and were promulgated pursuant to its statutory authority and "broad regulatory powers" (Matter of Kigin v State of N.Y. Workers' Compensation Bd., 24 NY3d 459, 467 [2014]; see Workers' Compensation Law §§ 117 [1]; 124 [1]; 141, 142; cf. Matter of Masotto v Atlantic & Pac. Tea Co., 70 AD2d 714, 714-715 [1979]). Accordingly, we find that the Board acted within its discretion in denying claimant's application for Board review, and we therefore discern no basis upon which to disturb the Board's decision [*2](see 12 NYCRR 300.13 [b] [1], [4]; Matter of Waufle v Chittenden, 167 AD3d at 1136; Employer: Willow Press/Stabbe Senter Pre, 2019 WL 1314228, *2, 2019 NY Wrk Comp LEXIS 2977, *5 [WCB No. G152 6573, Mar. 19, 2019]; Employer: Randolph Academy, 2019 WL 1314211, *2, 2019 NY Wrk Comp LEXIS 2960, *3 [WCB No. G060 7107, Mar. 19, 2019]). We have considered claimant's remaining contentions and find them to be without merit.
Clark, Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.