Matter of Williams v Village of Copenhagen (2019 NY Slip Op 06835)





Matter of Williams v Village of Copenhagen


2019 NY Slip Op 06835


Decided on September 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 26, 2019

528043

[*1]In the Matter of the Claim of Terence Williams, Respondent,
v
Village of Copenhagen, Appellant. Workers' Compensation Board, Respondent.

Calendar Date: September 3, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ.


Wolff, Goodrich & Goldman, LLP, Syracuse (Robert E. Geyer Jr. of counsel), for appellant.
Meggesto, Crossett & Valerino, LLP, Syracuse (William W. Crossett IV of counsel), for Terence Williams, respondent.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.



Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed May 31, 2018, which ruled that the employer failed to comply with 12 NYCRR 300.13 (b) (1) and denied review of a decision by the Workers' Compensation Law Judge.
Claimant is a volunteer firefighter for the Copenhagen Volunteer Fire Department, Inc. located in the Village of Copenhagen, Lewis County. In September 2017, claimant filed a claim for workers' compensation benefits alleging that he had injured his right shoulder while participating in a fire drill team competition.[FN1] Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant sustained an injury to his right shoulder arising out of his "firematic duties" and awarded benefits. The self-insured employer filed an application for review with the Workers' Compensation Board, wherein it indicated — in response to question number 13 of form RB-89 — that it was relying upon the transcript of the underlying hearing. In its attached brief, however, the employer indicated that it also was relying upon two specific documents to support its application for review. After considering claimant's rebuttal, the Board denied the employer's application, finding that the employer's failure to identify the two documents at issue as evidence for purposes of question number 13 rendered the application incomplete within the meaning of 12 NYCRR 300.13 (b) (1), thus warranting its denial of the application. This appeal by the employer ensued.
We affirm. "A party seeking review of a WCLJ's decision is required to file an application for review with the Board within 30 days of the filing of the decision" (Matter of Levine v Incorporated Vil. of Freeport, 154 AD3d 1044, 1045 [2017] [internal quotation marks and citations omitted]; see Workers' Compensation Law § 23; Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1574 [2018]). Pursuant to Workers' Compensation Law § 117 (1), "[t]he [B]oard may adopt reasonable rules consistent with and supplemental to the provisions of [the Workers' Compensation Law]," and the Chair of the Board, in turn, "may make reasonable regulations consistent with the provisions [there]of" (see Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d at 1574). Insofar as is relevant here, the Board's regulations provide that, "[u]nless submitted by an unrepresented claimant, an application to the Board for administrative review of a [WCLJ's] decision . . . shall be in the format as prescribed by the Chair," and such application "must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Employer: Pinnacle Environmental Corp., 2019 WL 1753852, *1, 2019 NY Wkr Comp LEXIS 4009, *2 [WCB No. G177 6673, Apr. 15, 2019]). In addition to filing the proper form itself, the Board's regulations permit the party seeking review to "attach a legal brief of up to eight pages in length" (12 NYCRR 300.13 [b] [1] [i]), wherein such party may expand upon the legal arguments underlying its application.
As the Board recently made clear, "[form] RB-89 is the application for review itself, and is not merely a coversheet" (Workers' Comp Bd, Office of General Counsel, Guidance Document on the Proper Application of Board Rule 300.13, at 1). More specifically, the Board has stated that a party's "fail[ure] to reference in [question number 13 of form RB-89] the hearing dates, transcripts, documents, exhibits or other evidence that are specifically referenced in the attached appeal is fatal" (Workers' Comp Bd, Office of General Counsel, Guidance Document on the Proper Application of Board Rule 300.13, at 3; see Employer: Ogdensburg City School District, 2019 WL 2324927, *2, 2019 NY Wkr Comp LEXIS 5588, *5 [WCB No. G185 5643, May 28, 2019]; Employer: NYC Housing Authority, 2019 WL 1585747, *3, 2019 NY Wkr Comp LEXIS 3446, *6 [WCB No. G058 3314, Apr. 3, 2019]; Employer: The Riverside Premier Rehab, 2019 WL 645606, *2, 2019 NY Wkr Comp LEXIS 1605, *3 [WCB No. G202 2171, Feb. 11, 2019]; Employer: Pathways Inc., 2019 WL 328285, *2, 2019 NY Wkr Comp LEXIS 636, *3-4 [WCB No. G201 5080, Jan. 18, 2019]. In short, the Board has taken the position that if a particular piece of evidence is referenced in the party's attached brief but is not set forth in question number 13 of form RB-89, then the party's application for review is incomplete and will be denied (see id.).
The employer does not dispute that it indeed referenced two documents in the brief attached to form RB-89 that, in turn, were not identified in question number 13 of the form itself. The employer argues, however, that this omission is of no moment because (1) nothing on the face of 12 NYCRR 300.13 (b) (1) requires the degree of specificity now demanded by the Board, and (2) its December 2017 application for Board review predated the guidance document issued by the Board's Office of General Counsel in November 2018 (see Workers' Comp Bd Release Subject No. 046-1119 [Nov. 23, 2018]; Workers' Comp Bd, Office of General Counsel, Guidance Document on the Proper Application of Board Rule 300.13). Although the employer is correct regarding the date of the Board's guidance document, its argument disregards the requirements of 12 NYCRR 300.13 (b) (1) and overlooks the relevant instructions that were in effect when it filed form RB-89 in December 2017.
12 NYCRR 300.13 (b) (1) required then — as it does now — that "[t]he application in the format prescribed by the Chair must be filled out completely," which, as the Board had explained months before the employer filed its application, "means that each section or item of [f]orm RB-89 . . . is completed in its entirety pursuant to the instructions for [that] form" (Workers' Comp Bd Release Subject No. 046-940 [Apr. 27, 2017]). The relevant instructions required — as to question number 13 — that the employer "[i]dentify by date and documents ID number(s) the transcripts, documents, reports, exhibits, and other evidence in the Board's file that are relevant to the issues and grounds being raised for review" (Workers' Comp Bd RB-89 Instructions [09/16]; see Workers' Comp Bd Release Subject No. 046-940 [Apr. 27, 2017]). Given the detailed list of evidentiary items encompassed by question number 13 and the overarching requirement that form RB-89 be completed in its entirety, we cannot say that the Board abused its discretion in concluding that the employer's response to this question, wherein it referenced only the underlying hearing transcript, was incomplete. Accordingly, we discern no basis upon which to disturb the Board's denial of the employer's application for review (see Matter of Swiech v City of Lackawanna, 174 AD3d 1001, 1005 [2019]). The employer's remaining arguments, to the extent not addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Although the workers' compensation claim subsequently was re-indexed as a volunteer firefighter case, the Village — rather than the fire department itself — has retained its designation as claimant's employer; both entities fall within the scope of the County's self-insured program.